**MIDLAND JUDICIAL DISTRICT COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, Petitioner,**

v.

**Ruthie Ann JONES, Respondent.**

**No. 01–0557.**

Supreme Court of Texas.

June 27, 2002.

---

**2.** 39 S.W.3d 591 (Tex.2001).

**3.** 951 S.W.2d 401 (Tex.1997)

**4.** 74 S.W.3d 849 (Tex.2002).

Holly Beth Williams, John A. "Jad" Davis, Jr., Turner Davis & Gerald, Midland, for Petitioner.

Jay H. "Timber" Floyd, Jr., Midland, for Respondent.

PER CURIAM.

The issue in this case is whether the respondent's employment with the petitioner was for a fixed term or at-will. Because we conclude that there was no fixed term of employment, we reverse the court of appeals' judgment, 77 S.W.3d 838 and render judgment that the employee take nothing by her claims against the employer.

On July 30, 1993, the Midland Judicial District Community Supervision and Corrections Department (CSCD) informed Ruthie Ann Jones that she had been hired as a Pretrial Services Administrative Technician III. At that time, she was given a memorandum that stated that she would start work on August 9, 1993. The memorandum also discussed her salary:

> Your salary adjustments as a result of this new position are as follows:

| | |
|---|---|
| 9/1/93 | $1,558.00 Monthly Gross Salary |
| 1/1/94 | $1,572.00 Monthly Gross Salary |
| 4/1/94 | $1,585.00 Monthly Gross Salary |
| 9/1/94 | $1,599.00 Monthly Gross Salary |

> These salary figures are contingent upon your future performance evaluations and available county funding.

In December 1993, Jones' position was eliminated due to budget constraints. Jones filed suit against the CSCD, alleging wrongful termination and breach of employment contract. The trial court granted CSCD's motion for summary judgment on the ground that Jones was an at-will employee. The court of appeals held that Jones' employment was for a fixed term, reversed the trial court's summary judgment, and remanded the case for trial.

In *Montgomery County Hospital District v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998), we reiterated that employment is presumed to be at-will in Texas:

> For well over a century, the general rule in this State, as in most jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee for good cause, bad cause, or no cause at all.

In *Montgomery County*, the employee testified that she had been told that she would keep her job "as long as [she] was doing [her] job and that [she] would not be fired unless there was a good reason or good cause...." *Montgomery County*, 965 S.W.2d at 502. We concluded that these statements were too vague to overcome the presumption of employment at-will. We stated that the employer must "unequivocally indicate a definite intent ... to be bound not to terminate the employee except under clearly specified circumstances." *Id.*

The general statements here that Jones' salary increases were contingent on "future performance evaluations and available

county funding" do not indicate CSCD's intent to be bound not to terminate her employment except under clearly specified circumstances. The court of appeals erred in concluding that the memo constituted a contract of employment for one year.

Jones attempts to distinguish her case from *Montgomery County* because the statements in *Montgomery County* were oral while the statements here were written. However, the principle of *Montgomery County* is that the employer must unequivocally indicate its intent to be bound not to terminate the employment except under clearly specified circumstances. The written form of CSCD's general statements does not change the fact that they do not unequivocally indicate the required intent.

Because we conclude that the employment here was at-will, CSCD is entitled to summary judgment. We therefore reverse the court of appeals' decision and render judgment that Jones take nothing by her claims against CSCD.