Affirmed and Opinion filed July 25, 2002















Affirmed and
Opinion filed July 25, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01165-CV

_______________

 

BRIAN P.
SHANNON, Appellant

 

V.

 

SOUTHERN COMPANY ENERGY MARKETING, L.P., 

and DAVE
STEWART, Appellees

_____________________________________________________

 

On Appeal from
the 280th District Court

Harris County, Texas

Trial Court
Cause No. 00-37073

_____________________________________________________

 

O P I N I O N

 

            In this employment dispute, Brian P.
Shannon appeals a summary judgment in favor of Southern Company Energy
Marketing, L.P., and Dave Stewart (collectively, “SCEM”) on the grounds that:
(1) fact issues were raised as to whether an oral contract for employment had
been created and whether Shannon was terminated for cause; and (2) Shannon was
entitled to sue for quantum meruit.  We affirm.




Standard of Review

            A summary judgment may be granted if
the motion and summary judgment evidence show that, except as to the amount of
damages, there is no genuine issue of material fact and the moving party is
entitled to judgment as a matter of law on those issues expressly set out in
the motion or response.  Tex.
R. Civ. P. 166a(c).  Once a motion and summary judgment evidence
establish a movant’s right to summary judgment, the
burden shifts to the nonmovant to raise any fact
issues precluding summary judgment.  Phan Son Van v. Pena, 990 S.W.2d 751, 753 (Tex.
1999).  In reviewing a summary judgment,
we take all evidence as true, indulge every reasonable inference, and resolve
any doubts, in the non-movant’s favor.  Southwestern
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

                                                                Contract
Claim

            Shannon’s first
and second issues challenge the summary judgment against his claim for breach
of an oral, “term” (i.e.,
non-at-will) employment agreement on the grounds that a fact issue existed as
to whether: (1) such an employment contract had been created; and (2) Shannon had been
terminated for “cause” in accordance with that agreement.

            Absent a specific agreement to the
contrary, employment in Texas may be
terminated by an employer at-will, i.e.,
for good cause, bad cause, or no cause at all. 
Midland Judicial Dist. Cmty. Supervision and Corrs.
Dep’t v. Jones, 45 Tex. Sup. Ct.
J. 965, 965, 2002 WL 1379022, at *1 (June 27, 2002) (per curiam).  To overcome the presumption of at-will
employment, the employer must unequivocally indicate a definite intent to be
bound not to terminate the employee except under clearly specified
circumstances.  Id.  Thus, an employee who has no formal term
employment agreement with his employer cannot construct one out of indefinite
comments, encouragements, or assurances. 
Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998).

            In this case, SCEM’s
motion for summary judgment asserted that Shannon was an
at-will employee, as evidenced by the employment application, Confidentiality
Agreement, and Intellectual Property Agreement that Shannon signed
when he began his employment there, each of which specified that his employment
would be at-will.  The Confidentiality
and Intellectual Property Agreements further stated that they could not be
amended except in a document signed by Shannon and SCEM, and no such
modification has been alleged.

            To raise a fact issue on the
existence of a term employment contract, Shannon relies on
a proposed written employment agreement (the “proposed agreement”) that SCEM
had initially offered Shannon but which
he declined and neither party ever signed. 
Shannon contends that SCEM’s
actions in thereafter employing him and paying him the salary and bonuses
reflected in the proposed agreement created an oral contract to abide by the
remaining terms of the proposed agreement. 
Shannon further asserts that a term
employment agreement was created because he had been hired for an annual
salary.  See Winograd v.
Willis, 789 S.W.2d 307, 310 (Tex. App.—Houston [14th Dist.] 1990, writ
denied) (stating that Texas follows the rule practiced in England whereby a
hiring at a stated sum per week, month, or year is a definite employment for
the period named and may not be arbitrarily concluded).  We disagree.

            The fact that SCEM employed Shannon and paid
him compensation amounts that coincided with those set forth in the proposed
agreement is, at most, ambiguous regarding whether any further agreement
existed concerning his employment. 
Without more, those acts do not unequivocally indicate a definite intent
by SCEM to be bound not to terminate Shannon except
under clearly specified circumstances. 
Moreover, to whatever extent Winograd reflected prevailing law at the time it was
decided, it is not compatible with more recent Texas Supreme Court
pronouncements, such as those cited above (because hiring for a stated sum per
week, month, or year does not unequivocally indicate a definite intent to be
bound not to terminate except under clearly specified circumstances).[1]  Because Shannon’s first
issue thus fails to demonstrate a fact issue regarding the existence of a term
employment agreement, it is overruled, and we need not address his second issue
regarding whether he was terminated for cause pursuant to such an agreement.

                                            Quantum
Meruit Claim

            Shannon’s third issue challenges the
summary judgment against his alternative claim for quantum meruit
on the ground that his recovery under that theory is supported by the holding
of Miller v. Riata
Cadillac Co., 517 S.W.2d 773 (Tex. 1974).

            Quantum meruit
is an equitable theory of recovery that is based on an implied agreement to pay
for benefits received.  Heldenfels Bros., Inc. v. City of Corpus Christi, 832
S.W.2d 39, 41 (Tex. 1992).[2]  However, a party may recover under quantum meruit only where there is no express contract covering the
services for which compensation is sought. 
Murray v. Crest Constr., Inc., 900
S.W.2d 342, 345 (Tex. 1995).

            In this case, Shannon claimed
quantum meruit for the value of services he rendered
to SCEM, including recovery of an incentive bonus.  SCEM’s motion for
summary judgment asserted that such a claim was barred because Shannon’s work for
SCEM was covered by a contract.  Shannon’s summary
judgment response acknowledged that “should [Shannon] prevail
on his contractual claims, he would not be entitled to a double recovery under
quantum meruit as well.”  Thus, Shannon does not
assert that he provided services to SCEM beyond those contemplated by his employment
relationship or after that relationship ended. 
Rather, his quantum meruit claim appears to be
for additional amounts for his services as an employee, i.e., in the event a contract that would provide such further
compensation cannot be proved.  However,
a quantum meruit claim cannot apply to the services Shannon provided
SCEM as an employee because those services were covered by whatever oral,
at-will agreement was in effect that provided for payment of the salary Shannon
acknowledges receiving.

            Shannon’s reliance
on Miller in this context is
similarly misplaced.  In Miller, the Texas Supreme Court held
that an at-will employee who was discharged without good cause prior to the
time specified for payment of an annual bonus was entitled to recover the pro
rata portion of the bonus attributable to the part of the bonus period he
worked before his discharge.  See 517 S.W.2d at 775.  Miller
does not support Shannon’s quantum meruit claim because Miller
addressed a claim based solely on a contract (i.e., the oral, at-will agreement that provided for payment of such
bonuses in previous years), not quantum meruit.[3]  See id.
at 774-775.  Accordingly, Shannon’s third
issue is overruled, and the judgment of the trial court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed July 25,
 2002.

Panel
consists of Justices Hudson, Edelman, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           See Jones
v. Midland Judicial Dist. Cmty.
Supervision and Corrs. Dep’t, No.
08-99-00314-CV, 2001 WL 328663, at *2 (Tex. App.—El Paso April 5, 2001) (finding
term contract based, in part, on hiring for annual salary), rev’d, 45 Tex. Sup. J.
965, 2002 WL 1379022 (June 27,
 2002) (per curiam).





[2]           To prevail on a quantum meruit claim, the plaintiff must establish that: (1)
valuable services were furnished; (2) to the party sought to be charged; (3)
which were accepted by the party sought to be charged; and (4) under such
circumstances as reasonably notified the recipient that the claimant, in
performing, expected to be paid by the recipient.  Heldenfels, 832 S.W.2d at 41.





[3]           Similarly, Miller does not support the only contract claim Shannon has
asserted in this case because that claim is based on the alleged term
employment agreement described in the proposed agreement (but found not to
exist in the preceding section) rather than on whatever at-will employment
agreement existed between SCEM and Shannon, as was addressed in Miller.