Reversed and Remanded and Opinion filed October 10, 2002









Reversed and Remanded and Opinion filed October 10,
2002.

 

 

 

 

                                                                              

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-01-00922-CV

____________

 

AIR AMERICA JET CHARTER INC.,
Appellant

 

V.

 

SCOTT LAWHON, Appellee

 



 

On
Appeal from the 61st District Court

Harris County, Texas

Trial
Court Cause No.  00-36106

 



 

O
P I N I O N

Scott
Lawhon was employed as a pilot with appellant Air
America Jet Charter, Inc.  The company
agreed to give Lawhon free training as a Learjet
captain and a raise of $750 per month in return for his agreement to stay with
the company for one year after obtaining his Learjet certification.  The company complied; Lawhon
did not.  Nevertheless, the trial court
granted Lawhon=s summary judgment, rendering judgment that Air America take
nothing. Finding no legal basis to support that ruling, we reverse and remand
for new trial.








The
facts are largely uncontested.  Lawhon became an at-will employee of Air America in
September 1998.  In June 1999, he and Air
America signed a contract reproduced here in its entirety:

Agreement Between Scott Lawhon and
Air America Jet Charter, Inc.

I,
Scott Lawhon, agree to a one year commitment of
continuing employment with Air America Jet Charter.  The commitment will begin the date I obtain
my Learjet Captain Rating.  I will not be
responsible for payment of the upgrade training or expenses while I am in
training.

In
addition, I will receive a pay increase of $750.00 per month also effective on
the date I obtain the Learjet Captain Rating. 

 

About
six months after obtaining his captain=s rating, Lawhon quit.  Air America sued for breach of contract and
fraudulent inducement.  Lawhon moved for summary judgment; the trial court
sustained an objection to Air America=s response as untimely, and granted Lawhon=s
motion. 

In
its tenth issue, Air America challenges the order finding its response
untimely.  Lawhon=s
motion was set for submission June 25, 2001, and thus Air America=s
response was due June 18th. See Tex.
R. Civ. P. 166a(c).  Air America=s
response contains a certificate showing service by certified mail on June 18th,
and a file stamp by the clerk=s office indicating receipt on June 20th.  A document sent on the last day for filing is
timely if received within ten days.  See
Tex. R. Civ. P. 5.  As a matter of law, Air America=s
response was timely.  See Geiselman v. Cramer Fin. Group, Inc., 965 S.W.2d 532,
535  (Tex.  App. B Houston [14th Dist.] 1997, no writ) (holding response to
summary judgment mailed seven days before hearing was timely).  We sustain Air America=s
tenth issue.[1]

 








The
Contract

In
its first eight points of error, Air America presents several arguments
challenging the trial court=s summary judgment.  We review to determine if Lawhon
disproved Air America=s
claims (or all elements of a defense) as a matter of law.  Holy Cross Church of God in Christ v. Wolf,
44 S.W.3d 562, 566 (Tex. 2001).  We
review all evidence in the light most favorable to Air America.  KPMG Peat Marwick v. Harrison County
Housing Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999).

Lawhon argues
that the parties= contract did not limit his status as an at-will employee in
clear and explicit terms.  See Midland
Jud. Dist. Comm. Supervision and Corrections Dept. v. Jones, 2002 WL
1379022, *1 (Tex.2002) (holding modification of at-will status must be stated
in unequivocal and clearly specified terms). 
But we do not see how his agreement Ato a one year commitment of continuing employment@
could be any clearer.  Nor do we agree
that Lawhon=s initial status as an at-will pilot is relevant.  An employer may change the terms of an
at-will employment contract by giving unequivocal notice to the employee; the
employee=s
continuation of work thereafter constitutes acceptance.  See In re Halliburton Co., 80 S.W.3d
566, 568-69 (Tex. 2002). 

Lawhon=s primary argument is that the parties=
contract lacked mutuality of obligation and was thus unenforceable.  He points out that the contract limited only
his right to terminate, not his employer=s, so that Air America could fire him at any time.  But this does not make the contract
illusory.  








Contracts are valid if there is consideration on each
side.  Federal Sign v. Texas Southern
University, 951 S.W.2d 401, 409 (Tex. 1997) (stating contracts Amust be based upon a valid
consideration, in other words, mutuality of obligation@). 
Consideration consists of a benefit to the promisor
or a detriment to the promisee.  Northern Nat. Gas Co. v. Conoco,
Inc., 986 S.W.2d 603, 607 (Tex. 1998). 
There is no requirement that the consideration on each side be the
same.  See, e.g., id. at 607-08
(refusing to imply obligation on gas seller to continue buying gas, because
promise to sell gas if it bought any was surrender of legal right and
thus sufficient consideration).  A
contract will be construed in favor of mutuality.  Texas Gas Utilities Co. v. Barrett,
460 S.W.2d 409, 412 (Tex. 1970).

A
promise to provide specialized training is not illusory.  Light v. Centel
Cellular Co., 883 S.W.2d 642, 646 (Tex. 
1994).  Lawhon=s
motion did not prove as a matter of law that he had not received Learjet
training.  Air America=s
response included an affidavit stating that he had.  We hold Lawhon did
not prove the parties= contract was illusory.[2]

The
trial court erred in granting Lawhon=s
summary judgment.  We sustain Air America=s
points.

                                          Air
America=s Cross-Motion

In
its ninth issue, Air America asserts the trial court should have granted its
cross-motion for partial summary judgment. 
That cross-motion was set for hearing three weeks after the trial
court granted final summary judgment for Lawhon.  The record contains no order granting leave to file this
motion late, so it was not properly before the trial court.  See Benchmark Bank v. Crowder, 919 S.W.2d
657, 663 (Tex. 1996).   As the trial court did not rule on the cross-motion
prior to entry of a final judgment, there is nothing for us to review.  Tex.  R. 
App.  P.  33.1.[3]  Appellant=s ninth point is overruled.








The judgment is
reversed, and remanded for new trial.

 

 

 

/s/        Scott
Brister

Chief Justice

 

 

Judgment rendered and Opinion filed
October 10, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Publish C Tex.  R. 
App.  P.  47.3(b).

 











[1]  In its
eleventh and twelfth points, Air America challenges the same order on
additional grounds.  Because we have
sustained Air America=s first point, we need not address these remaining
issues.  





[2]  Air America=s promise to pay Lawhon an
increased salary presents a closer question. 
The promise of a raise to an at‑will employee is illusory,
as an employer could fire the employee and be under no obligation to perform
the promise.  See Light,
883 S.W.2d at 645 n.5
(Tex.  1994).  But an
illusory promise can be accepted and made enforceable by performance.  Id. at 645 n.6.  Here, the raise was not just a future
promise; Lawhon had already received part of it.  Mutuality of obligation is determined as of
the time of breach, not the time of contracting.  See Gaede v. SK
Investments, Inc., 38 S.W.3d 753, 760-61 
(Tex.  App. B Houston [14th Dist.] 2001, pet. denied) (holding that
even if contract lacks mutuality at time it is made, whole or partial
performance may render it enforceable); see also Fort Worth Independent
School Dist. v. City of Fort Worth, 22 S.W.3d 831, 841 (Tex. 2000) (holding
consideration parties had already received was sufficient to support at-will
contract).  Because we hold Lawhon=s training constitutes consideration, we need not
decide whether or to what extent his raise would as well.





[3]  One appellate
court has rendered summary judgment based on a cross-motion filed after summary
judgment had already been granted on an opposing motion, on the basis that the
two motions Apresented the same legal issue.@ See City of Dallas v. Cornerstone Bank, N.A.,
879 S.W.2d 264, 271 n.4  (Tex.  App.BDallas
1994, no writ).  Without a response or
opportunity to object, we doubt that an appellate court can always tell whether
both motions really are on the same legal issue.  For the reasons discussed in the opinion, we
decline to follow this precedent.