Affirmed and Opinion filed _____________, 2002















Affirmed and
Memorandum Opinion filed May 1, 2003.                                                       

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01126-CV  

____________

 

GULF
 COAST RADIOLOGY
ASSOCIATES, Appellant

 

V.

 

GHOLAMREZA MALEK,
M.D., Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the County Court at Law No. 3

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 743,983




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant Gulf Coast Radiology
Associates, an unincorporated association operated by Dr. Hans Truong, sued appellee Gholamreza Malek, M.D., for tortious interference with contract and
misappropriation.  After Dr. Malek filed a no-evidence motion for summary judgment, Gulf
 Coast amended its petition a week before
the summary judgment hearing, dropping its misappropriation claim and adding claims
for breach of contract, conversion, tortious interference with potential
business relationship, and breach of agency relationship.[1]  The trial court granted summary judgment in
favor of Dr. Malek, and Gulf
 Coast appeals.  Because
all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See Tex.
R. App. P. 47.1.  We affirm.

            A
no-evidence summary judgment is essentially a pretrial directed verdict, to
which we apply the same legal sufficiency standard of
review. Russo v. Smith Intern, Inc., 93 S.W.3d
428, 433 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  After an adequate time for discovery, a
litigant may file a no-evidence motion for summary judgment seeking dismissal
of all or part of a lawsuit if there is no evidence to support at least one of
the elements of the adverse party’s claim or defense.  Tex. R.
Civ. P. 166a(i).  Once such a motion has been filed, the burden
shifts to the nonmovant to present “more than a
scintilla of probative evidence to raise a genuine issue of material fact.”  Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1998).  If the nonmovant
fails to provide sufficient evidence, the trial court must grant the motion.  Id.  Summary judgment is proper on new causes
of action not addressed in a previously filed motion if one or more dispositive elements in those claims are addressed in the
motion.  Lampasas v. Spring Ctr., Inc., 988
S.W.2d 428, 435–37 (Tex. App.—Houston [14th Dist.] 1999, no pet.)

I. Breach of Contract

            Gulf
 Coast had contracted to provide
radiological services at Memorial Medical
 Center Hospital.  Sometime in the summer of 2000, Gulf
 Coast retained Dr. Malek to perform the work. 
The latter parties had no written contract; there was evidence the
hospital paid Gulf Coast,
who in turn paid Dr. Malek on a per diem basis.

            Gulf
 Coast terminated its contract with
the hospital on July 1, 2000,
but continued to operate at the Hospital on an “at-will” basis until
mid-September, 2000.  Thereafter, the
Hospital looked for a replacement, contacted Dr. Malek,
and offered him the contract.  

Employment in Texas
is presumed to be at-will.  Midland Jud. Dist. Comm. Supervision & Corrs. Dept. v. Jones, 92 S.W.3d 486, 487 (Tex. 2002).  Absent a specific agreement to the contrary,
employment may be terminated by the employer or the employee for good cause,
bad cause, or no cause at all.  Id.  Modification
of at-will status must be unequivocally stated. 
See id.  Nothing in the record indicates any
limitation on Dr. Malek’s right to quit and work for the
hospital directly.  We affirm the summary
judgment on this issue. 

II. Tortious Interference 

            Gulf
 Coast asserts Dr. Malek committed tortious interference with contract and
with a prospective business relationship by contracting directly with the
Hospital.  Both claims require an
intentional or willful act that would be actionable under a recognized tort.  See
Wal-Mart v. Sturges, 52 S.W.3d
711, 726 (Tex. 2001).  However, other than the formation of the
subsequent contract, Gulf Coast
presents no evidence of any intentional act or interference by Dr. Malek.  Dr. Malek may have been a willing participant, but this does
not establish he was engaged in any improper conduct.  See Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 927 (Tex. 1993).  We affirm the summary judgment on these issues.

III. Breach of Agency

Gulf Coast
presents no evidence that Dr. Malek competed with it during his employment, rather than after.  See Baty v. ProTech Ins.
Agency, 63 S.W.3d 841, 853 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied).  Nor
was there evidence that Dr. Malek signed a covenant
not to compete.  Consequently, we
overrule this issue. 


IV.
Conclusion

            Because
Gulf Coast
makes no complaint about dismissal of its conversion claim, any error is waived.  See Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998).

            The
judgment is affirmed.                                            

 

                                                                                                                                                                                                                        /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed May
 1, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.











[1] The
trial court is presumed to have granted leave to file amended pleadings, even
when the filer failed to request leave, when (1) the record fails to show that
the trial court did not consider the amended pleading, and (2) there is not a
sufficient showing of surprise or prejudice on the part of the opposing
party.  Tex.
R. Civ. P. 63.