**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 6, 2003**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-10192
Summary Calendar

FERNANDO VIERA,

Plaintiff-Appellant,

VERSUS

SPRINT UNITED MANAGEMENT COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

(3:02-CV-1575-H)

Before EMILIO M. GARZA, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fernando Viera appeals from the district court's grant of summary judgment to defendant Sprint United Management Company in his claim alleging breach of contract. We review the district court's grant of summary judgment de novo, applying the same standards used in that court. Rogers v. International Marine

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Terminals, 87 F. 3d 755, 758 (5th Cir. 1996).

Viera argues that the district court erred in granting Sprint summary judgment on his breach of contract claim. He claims that according to the Texas statute of frauds, the offer letter contained clear language which in effect took him out of an at-will employment status into a specified term. Tex. Bus. & Com. Code § 26.01. The district court found that the offer letter contained ambiguous language and did not unequivocally demonstrate Sprint's intent to limit in a meaningful and special way its ability to terminate Viera. Midland Judicial District Cmty. Supervision and Corr. Dept. v. Jones, 92 S.W. 3d 486 Tex. 2002. We agree because Viera failed to create a genuine issue of material fact as to whether the language of the offer letter established Sprint's intent to be bound by a specified term. Specifically, Viera failed to adduce evidence suggesting the letter specified a sufficiently definite salary and committed time period to constitute a term employment contract.

The judgment of the district court is AFFIRMED.