MEMORANDUM OPINION

No. 04-04-00552-CV

Dalton M. HAINES,
Appellant

v.

RIATA TECHNOLOGIES, INC.,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-00111
Honorable Janet Littlejohn, Judge Presiding



 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   August 3, 2005

AFFIRMED
            Dalton M. Haines appeals a summary judgment granted against him in a wrongful
termination lawsuit. We affirm the trial court’s judgment.
Factual and Procedural Background
            Haines brought suit against Riata Technologies, Inc. (“Riata”), his former employer, for
breach of an employment contract, alleging that the letter Riata sent him setting forth the terms of
his employment constituted an employment contract and that the contract required him to work for
Riata for a period of one year. It is undisputed that Haines was terminated less than a year after he
began working for Riata. 
            Riata filed a general denial and a no-evidence motion for summary judgment. In its motion,
Riata claimed that there was no evidence of a valid and enforceable contract between Haines and
Riata and that Haines was an at-will employee. According to Riata, the employment letter it sent to
Haines did not amount to an employment contract. And, it emphasized its employee handbook states
that employment with Riata is at-will. Haines filed a response to the motion and his own cross-motion for summary judgment. 
            According to Haines, the letter Riata sent him which he signed did, in fact, constitute an
employment agreement for a period of one year. Haines relies on two statements contained in the
letter which he urges establish that the letter constitutes an employment contract for one year:
            1.         “RIATA will provide you a base salary of $8,000 per month
($96,000/annual)”; and 
 
            2.         “It is understood by all parties that this agreement is subject to re-negotiation one year from date of execution.” 
 
Discussion
1. Standard of Review
            When both parties move for summary judgment, each party bears the burden of establishing
its right to summary judgment. City of Garland v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex.
2000). When the trial court grants one motion and denies the other, we review the summary
judgment evidence presented by both parties and determine all questions presented. Id.
2. Did Riata’s letter constitute an employment contract for a period of one year?
            The general rule in Texas is “that absent a specific agreement to the contrary, employment
may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause
at all.” Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998). And, for an
employment contract to exist, “the employer must unequivocally indicate a definite intent to be
bound not to terminate the employee except under clearly specified circumstances.” Id. 
            The supreme court reiterated these rules in Midland Judicial District Community Supervision
& Corrections Department v. Jones, 92 S.W.3d 486 (Tex. 2002). In Midland, the employee claimed
that an employment memorandum given to her by her employer constituted an employment contract.
Id. at 487. The memorandum stated the date on which she would start working and also indicated
that salary adjustments would be made over the course of a year. Id. And, according to the
memorandum, the salary adjustments would be contingent on “future performance evaluations and
available county funding.” Id. The Midland case is factually similar to the case before us in that the
former employee was claiming the representation that salary adjustments would be made throughout
the year constituted an employment contract. The supreme court held, however, that the general
statements made in the memorandum did not indicate an intent on the part of the employer to be
bound not to terminate the employee except under clearly specified circumstances. Id. at 487-88.
Following the supreme court’s holding in Midland, we hold that the statement in Riata’s
memorandum to Haines that the parties would re-negotiate in one year did not amount to an
employment contract. 
            In Saucedo v. Rheem Manufacturing Co., 974 S.W.2d 117 (Tex. App.—San Antonio 1998, 
pet. denied), this court was faced with a situation also factually similar to the one before us. In
Saucedo, the former employee claimed that a memorandum providing that he would be paid $36,000
annually constituted an employment contract. This court initially held that because “[a] hiring based
upon an agreement of an annual salary limits in a meaningful and special way the employer’s
prerogative to discharge the employee during the dictated period of employment,” the memorandum
amounted to an employment contract. Id. at 125. On rehearing, however, this court recognized that
the same week Saucedo initially issued, the Texas Supreme Court issued its opinion in Montgomery.
Applying Montgomery to the facts in Saucedo, this court reversed the original ruling and held that
the representation of what the employee’s annual salary would be was not sufficiently definite
regarding the terms of employment to be an enforceable contract. Id. at 128. Thus, following the
dictates of Montgomery and Saucedo, we hold that Riata’s representation to Haines of an annual
salary did not amount to an employment contract. 
            Haines attempts to distinguish the above-cited cases from his situation by pointing to his
affidavit wherein he states that Riata orally agreed to hire him for a term of one year. He argues that
this evidence, taken together with the representations made in the employment memorandum,
indicate a clear intention on Riata’s part to hire him for a one-year period. In support of his
argument, Haines cites two cases: Foley & Whitehill v. Texas Co., 252 S.W. 566 (Tex. Civ.
App.—Texarkana 1923, writ dism’d w.o.j.), and Fruth v. Gaston, 187 S.W.2d 581 (Tex. Civ.
App.—Austin 1945, writ ref’d w.o.m.). In both of these cases, however, the issue was whether an
enforceable oral contract had been formed. Haines has brought suit based on a written contract with
Riata. Thus, Haines’s reliance on these cases is misplaced.
Conclusion
            We hold that Riata and Haines did not enter into an enforceable written employment contract.
We, therefore, overrule Haines’s sole issue on appeal and affirm the trial court’s judgment.
 
Karen Angelini, Justice