Affirmed and Memorandum Opinion Filed August 7, 2007








Affirmed
and Memorandum Opinion Filed August 7, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01247-CV

____________

 

SHAWN D. GREEN, Appellant

 

V.

 

QUALITY DIALYSIS ONE, LP d/b/a
QUALITY DIALYSIS, 

QDI MANAGEMENT, LLC, Appellees

 



 

On Appeal from the 240th
District Court

Fort Bend County, Texas

Trial Court Cause No. 05CV141503

 



 

M E M O R A N D U M   O P I N I O N

Appellant Shawn D. Green (AGreen@), plaintiff
below, appeals from a summary judgment entered in favor of appellees Quality
Dialysis One, LP d/b/a Quality Dialysis and QDI Management, LLC (collectively AQDI@).  In two issues,
Green contends he did not have adequate time for discovery before the summary
judgment hearing, and the trial court erred in ruling that Green was not an
at-will employee of QDI.  We affirm.








Factual and Procedural Background

On June 7, 2004, Green entered into a written contract for
employment (Athe Contract@) with Quality
Dialysis One, LP.  Pursuant to the Contract, Quality Dialysis One, LP agreed to
employ Green for a term of five years with an annual salary of $100,000. 
Section 16 of the Contract provides that Green=s employment shall
be terminated without compensation upon the occurrence of any of the
following: A(a) the Employee=s death, (b)
resignation or termination of employment with or without notice by Employee to
Company, [or] (c) the termination of this Agreement by the Chairman for Cause
with the approval of the Board of Directors.@  Section 19.(b) of the Contract
defines ACause@ as follows:

Cause shall include without limitation (i)
the inability of the Employee to perform his duties due to a legal impediment, including
without limitation the entry against the Employee of an injunction, restraining
order or other type of judicial judgment, decree or order which would prevent
or hinder the Employee from performing his duties; (ii) a breach of any of the
restrictions or covenants set forth in Sections 3, 9, 10, 11 or 13 hereof;
(iii) the failure to follow reasonable instructions of the Chairman acting in
good faith with respect to the performance of the Employee=s duties; and/or (iv) excessive
absenteeism, flagrant neglect of work, serious misconduct, conviction of a
felony, fraud, intentional disclosure of any material proprietary information
of the Company without the consent of the Company or aiding a competitor of the
Company to the detriment of the Company.    

Section 17 of the Contract governs the termination of Green=s employment with
compensation and states that if Green Ais terminated for
any reason other than as listed in Section 16 . . . [Green] shall be entitled
to receive the equivalent of two months salary as severance . . . .@ 








Green=s employment was terminated six weeks
after he started work for Quality Dialysis One, LP.  On March 8, 2005, Green
filed suit against QDI alleging breach of contract, tortious interference with
contract, wrongful termination for refusal to perform an illegal act, and
intentional infliction of mental distress.  QDI answered and asserted a
counterclaim against Green for breach of contract.  On September 26, 2005, QDI
filed a no-evidence motion for partial summary judgment challenging at least
one essential element of each of Green=s causes of
action.  On October 12, Green filed a response to QDI=s motion for
summary judgment. On October 13, Green filed a motion for continuance of the hearing
on QDI=s motion for
summary judgment, arguing additional time was needed for discovery. 

On October 19, 2005, the trial court conducted a hearing on
QDI=s motion and
granted summary judgment in favor of QDI on all four of Green=s causes of
action.  On November 23, 2005, the trial court granted QDI=s motion to
nonsuit its counterclaim against Green.  This appeal
followed.                                  

Discussion

I.
Adequate Time For Discovery

In his first issue, Green contends the trial court erred in
granting QDI=s no-evidence motion for summary judgment because
Green was not allowed adequate time for discovery.  QDI responds that Green
waived his complaint that he was denied adequate time for discovery because
Green failed to file a verified motion for continuance or an affidavit
explaining the need for further discovery.  Assuming without deciding that
Green preserved this complaint for appellate review, we find that the trial
court did not abuse its discretion in hearing and ruling on QDI=s no-evidence
motion for summary judgment.








A party may move for a no-evidence summary judgment only
after adequate time for discovery.  Tex.
R. Civ. P. 166a(i).  In determining whether a trial court has permitted
adequate time for discovery, we consider factors such as (1) the nature of the
case, (2) the nature of the evidence necessary to controvert the no-evidence
motion, (3) the length of time the case was active, (4) the amount of time the
no-evidence motion was on file, (5) whether the movant requested stricter deadlines
for discovery, (6) the amount of discovery that had already taken place,  and
(7) whether the discovery deadlines in place were specific or vague.  Brewer
& Pritchard, P.C. v. Johnson, 167 S.W.3d 460, 467 (Tex. App.CHouston [14th
Dist.] 2005 pet. denied).  We review a trial court=s determination
that there has been adequate time for discovery on a case-by-case basis, under
an abuse of discretion standard.  Id.  A  trial court abuses its
discretion when it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.  BMC Software Belg. v.
Marchand, 83 S.W.3d 789, 800 (Tex. 2002).  

A. Nature of the Case and Evidence Necessary to Defeat the Motion

Green alleges he was hired by Cynthia Barclay, the founder
and Chief Executive Officer of QDI, after being Awooed away@ from his
long-term employment with Exxon.  Green contends that, pursuant to the terms of
the Contract, Quality Dialysis One, LP agreed to employ him for a term of five
years as General Manager and Chief Operations Officer.  In his petition, Green
claims his employment was terminated by QDI after only six weeks because of his
numerous complaints about alleged violations of Asafety regulations
and other laws@ occurring in the course of QDI=s business. 

In his breach of contract claim, Green alleges QDI breached
the Contract by terminating his employment after six weeks, and by failing to
pay Green the equivalent of two months salary as severance upon his
termination.  In his cause of action for wrongful termination for refusal to
perform an illegal act, Green alleges his employment was terminated by QDI
because Green Arefused to participate by remaining silent regarding
the illegal acts.@  The evidence necessary to controvert QDI=s motion regarding
these two causes of action includes evidence of: the terms of the Contract,
Green=s performance of
his job duties, the circumstances surrounding Green=s termination, and
the payment or non-payment of severance upon termination.  








In his tortious interference with contract claim, Green
alleges QDI intentionally interfered with an employment contract existing
between Green and Exxon when Barclay recruited Green to work for QDI.   To
controvert QDI=s motion, Green would need some evidence of actual
damages proximately caused by QDI=s interference
with an employment contract between Green and Exxon. See Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 207 (Tex. 2002).  Finally, Green alleges
QDI, by and through Barclay, intentionally engaged in extreme and outrageous
conduct which caused him severe emotional distress.  To overcome QDI=s motion, Green
would need evidence of extreme and outrageous conduct, beyond that arising from
an ordinary employment dispute.  GTE Southwest, Inc. v. Bruce,
998 S.W.2d 605, 612B13 (Tex. 1999).    

Assuming Green=s claims are
meritorious, some evidence of most of the challenged elements of Green=s causes of action
could be provided by evidence of the terms of the Contract (which is part of
the summary judgment record) and Green=s affidavit
testimony. 

B. Length of Time the Case and Motion were on File

Green filed suit on March 8, 2005, and QDI filed its
no-evidence motion for partial summary judgment on September 26, 2005.  The
trial court conducted a hearing and granted QDI=s motion on
October 19, 2005.  Therefore, Green=s lawsuit had been
on file for more than seven months at the time of the summary judgment hearing.


C. The Status of Discovery      

The trial court did not enter a docket control order. 
However, Green=s petition alleged discovery in this case was governed
by Level 2, and QDI served Green with requests for written discovery on April
11, 2005.  Therefore, pursuant to a Level 2 Discovery Control Plan, the end of
the discovery period was February 11, 2006. See Tex. R. Civ. P.
190.3(b)(1); Rest. Teams Int=l, Inc. v. MG
Securities Corp., 95 S.W.3d 336, 339 (Tex. App.CDallas 2002, no
pet.) (observing A[n]either rule 166a(i) nor the comment
thereto states that the discovery period applicable to a case by virtue of rule
190 must have ended before a no-evidence summary judgment can be granted@).  








QDI served Green with requests for disclosure, requests for
production, requests for admissions, and interrogatories on April 11, 2005.  We
are unable to determine, based on the appellate record, exactly what efforts
were made by Green to obtain discovery from QDI.  The clerk=s record contains
no discovery requests or certificates of written discovery  filed by Green.[1] 
A letter from Green=s trial counsel to QDI, dated June 21,
2005, is attached to Green=s summary judgment response.  In her
letter, Green=s trial counsel complains about QDI=s allegedly
inadequate responses to interrogatories and requests for production.  However,
the record contains no indication that Green filed a motion to compel or made
any additional effort to obtain discovery until after QDI filed its motion for
summary judgment. 

On October 13, 2005, six days before QDI=s summary judgment
motion was set for hearing, Green filed a motion to compel discovery responses
and a motion for continuance.  In his motion to compel, Green argued that QDI Aadded a level of
interference@ to its production of documents by making them
available for inspection and copying, rather than sending them to Green=s counsel. 
Affidavits of Green=s trial counsel are attached to Green=s response to QDI=s motion for
summary judgment and Green=s motion for continuance.  In her
affidavits, Green=s trial counsel described various reasons
why discovery was not pursued more diligently during the seven months this case
was on file, prior to the date of the summary judgment hearing.[2] 









No depositions were taken in this case.  Although Green
contends on appeal that the testimony of Cynthia Barclay was essential to his
case, the record shows Green made no effort to schedule Barclay=s deposition.  A
document titled ANotice of Videotaped Deposition of Cynthia
Barclay,@ dated June 21,
2005, is attached to Green=s summary judgment response.  The
purported notice of deposition states that AGreen intends to
take the oral and videotaped deposition of Cynthia Barclay after July 25,
2005, at a date and time convenient to the parties.@ (emphasis added) 
The attached certificate of service is unsigned.  Green has not established
that he exercised due diligence in obtaining Barclay=s deposition.  See
Community Initiatives, Inc. v. Chase Bank of Texas, 153 S.W.3d 270, 278
(Tex. App.CEl Paso 2004, no pet.) (considering the absence of
diligence in obtaining discovery depositions in determining whether there had
been adequate time for discovery).

Green set his motion to compel and motion for continuance
for hearing on the morning of October 19, 2005, the same date and time as the
hearing on QDI=s motion for summary judgment.[3] 
At the hearing, Green=s trial counsel argued the merits of QDI=s motion for
summary judgment prior to addressing Green=s motion for
continuance.  The trial court did not make an express ruling on Green=s motion for
continuance.  However, the trial court granted QDI=s motion for
summary judgment and implicitly denied Green=s motion for
continuance.  See Tex. R. App. P.
33.1(a)(2)(A); Carter, 93 S.W.3d at 310 n.2.  We find no
indication in the record that Green argued or attempted to obtain a ruling on
his motion to compel discovery.

 








D. Conclusion

Rule 166a(i) does not require completion of discovery, only
that there was adequate time.  In re Mohawk Rubber Co., 982 S.W.2d 494,
498 (Tex. App.CTexarkana 1998, orig. proceeding).  In addition, Green
is presumed to have duly investigated his claims before filing suit.  See
Martinez v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.CSan Antonio 2001,
pet. denied).  Considering the factors discussed above, we conclude it was not
an abuse of the trial court=s discretion to find that Green had
adequate time for discovery. Green=s first issue is
overruled.

II.       Did the
Trial Court Err in Granting Summary Judgment as to Green=s Cause of Action
for Wrongful Termination for Refusal to Perform an Illegal Act?

In his second issue, Green contends the trial court
erroneously ruled that Green was not an at-will employee of QDI and, therefore,
was not entitled to the protections of the Sabine Pilot doctrine.  See
Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985). 
Green=s arguments
constitute an attack on the trial court=s order granting
ODI=s summary judgment
as to Green=s cause of action for wrongful termination for refusal
to perform an illegal act.[4]

A. Standard of Review








          In
reviewing a no-evidence motion for summary judgment, we ascertain whether the
nonmovant pointed out summary judgment evidence of probative force to raise a
genuine issue of fact as to the essential elements attacked in the no-evidence
motion.  Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 206B07 (Tex. 2002). 
We take as true all evidence favorable to the nonmovant, and we make all
reasonable inferences therefrom in the nonmovant=s favor.  Dolcefino
v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  A no-evidence motion for summary judgment must be
granted if the party opposing the motion does not respond with competent
summary judgment evidence that raises a genuine issue of material fact.  Tex.
R. Civ. P.  166a(i); Dolcefino,
19 S.W.3d  at 917.  When, as in this case, the order granting summary judgment
does not specify the grounds upon which the trial court relied, we must affirm
summary judgment if any of the independent summary judgment grounds are
meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000).

B. Wrongful Termination for Refusal to Perform an Illegal
Act

In its motion for summary judgment, QDI asserted Green has
no evidence of the following elements of a cause of action for wrongful
termination for refusal to perform an illegal act: (1) Green was an at-will
employee of QDI, (2) Green refused to perform an illegal act, and (3) Green was
terminated solely because he refused to perform an illegal act.  See Sabine
Pilot Service, 687 S.W.2d at 735.  Under the no-evidence summary judgment
standard, Green was required to point out some evidence as to each of the
challenged elements.  See Tex. R. Civ.
P. 166a(i); Johnson, 73 S.W.3d at 206B07.  

In Texas, an employment relationship is at-will unless an
employment contract limits  Ain a meaningful and special way@ the employer=s right to
terminate the employee without cause.   Lee-Wright, Inc. v. Hall, 840
S.W.2d 572, 577B78 (Tex. App.CHouston [1st
Dist.] 1992, no pet.).  The employer must unequivocally indicate its intent to
be bound not to terminate the employment except under specified circumstances. 
Midland Judicial Dist. Cmty. Supervision & Corr. Dept. v. Jones, 92
S.W.3d 486, 488 (Tex. 2002).  In Lee-Wright, the First Court of
Appeals held that a written contract specifying the employee=s monthly salary,
the dates of employment, and a term of employment of five years, limited the
employer=s right to
terminate the employee in a meaningful and special way.  Lee-Wright, 840
S.W.2d at 578.  Therefore, the employment at-will doctrine did not apply.  Id.     









Like the contract at issue in Lee-Wright, Green=s contract limits,
in a meaningful and special way, QDI=s ability to
terminate Green.  The Contract provides Green shall be employed for a term of
five years beginning on June 7, 2004, with an annual salary of $100,000.  The
Contract provides that Green=s employment Ashall commence on
the effective date and shall continue for a term of five years thereafter@ unless terminated
earlier pursuant to the circumstances specified in Section 16 of the Contract. 
Section 19 of the Contract defines the circumstances under which Green=s employment may
be terminated for cause.  By the terms of the Contract, QDI unequivocally
indicates its intent to be bound not to terminate Green=s employment
except under specified circumstances.  See Midland Judicial Dist. Cmty.
Supervision & Corr. Dept., 92 S.W.3d at 488.  

Green argues that by including a limitation of liability
provision in the Contract, AQDI maintained the essence of an at-will
relationship.@  Section 17 of the Contract limits QDI=s liability for
termination of Green=s employment for any reason not identified
in Section 16 to an amount equal to two months salary.  See Arthur=s Garage, Inc. v.
Racal-Chubb Sec. Sys. Inc., 997 S.W.2d 803, 810 (Tex. App.CDallas 1999, no
pet.) (A[A] contractual
provision setting an upper limit on the amount recoverable is considered a
limitation of liability provision.@).  We are not
aware of any authority, and Green cites none, holding that a limitation of
liability provision in an employment contract causes the employment
relationship to be at-will.  

Because we find that the Contract limits, in a special and
meaningful way, QDI=s ability to terminate Green, and
therefore provides no evidence of an at-will employment relationship between
Green and QDI, we conclude the trial court did not err in granting summary
judgment as to Green=s cause of action for wrongful termination
for refusal to perform an illegal act.  Green=s second issue is
overruled.








III.      Green=s Reply Brief

We note Green has also challenged the propriety of summary
judgment as to his causes of action for breach of contract, tortious
interference with contract, and intentional infliction of mental distress;
however, it was only after QDI raised these issues in a responsive brief that
Green belatedly addressed them in his reply brief.  Texas Rule of Appellate
Procedure 38.3 permits an appellant to file a reply brief Aaddressing any
matter in the appellee=s brief.@  Tex. R. App. P. 38.3.  However, the rules of
appellate procedure do not allow an appellant to include in a reply brief a new
issue in response to some matter pointed out in the appellees brief but not
raised by the appellant=s original brief.  See id; Dallas
Co. v. Gonzalez, 183 S.W.3d 94, 104 (Tex. App.CDallas 2006, pet.
denied) (AA reply brief is not intended to allow an appellant to
raise new issues.@); Lopez v. Montemayor, 131 S.W.3d
54, 61 (Tex. App.CSan Antonio 2003, pet. denied) (holding
arguments raised for the first time in appellant=s reply brief were
not properly before the court).  To allow an appellant to raise new issues in a
reply brief would vitiate the briefing requirements of Texas Rule of Appellate
Procedure 38.1.  See Tex. R. App. P.
38.1(e) (An appellant=s brief Amust state
concisely all issues or points presented for review.@).  

Because Green=s original brief
did not challenge the trial court=s summary judgment
as to his causes of action for breach of contract, tortious interference with
contract, and intentional infliction of mental distress, and because Green
could not raise new issues in his reply brief, we conclude Green waived any
issues regarding the propriety of summary judgment as to those causes of
action.  See Tex. R. App. P. 38.1(e);
Dallas Co., 183 S.W.3d at 104; Lopez, 131 S.W.3d at 61.          

 








Conclusion

Having considered and overruled both of Green=s proper issues on
appeal, we affirm the judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 7, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.









[1]  Rule 191.4 provides that Aa person may file discovery materials in support of or
in opposition to a motion or for other use in a court proceeding; and . . . a
person may file discovery materials necessary for a proceeding in an appellate
court.@ Tex. R. Civ. P. 191.4(c)(2)B(3).





[2]  In her affidavits, Green=s trial counsel testified she traveled to Canada on
two occasions to visit sick relatives, suffered from a flu-like illness which
rendered her incapable of appearing in court, took three weeks vacation, lost
the services of an experienced paralegal, and experienced problems with her law
office=s computer and communication systems as a result of
hurricane Rita.  However, Green=s trial counsel
did not take the critical next step of describing the evidence sought or the
diligence used to obtain the evidence.  See Carter v. MacFadyen, 93 S.W.3d 307, 310 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied) (holding an affidavit explaining the need for further discovery must
describe the evidence sought, the materiality of the evidence, and the due
diligence used to obtain the evidence). 





[3]  Green also filed a motion for a protective order
seeking to prevent QDI from obtaining third-party discovery from Exxon, which
was denied by the trial court on October 19, 2005.  QDI filed a motion for a
temporary restraining order to prevent Green from disclosing information
obtained by Green during his employment with QDI.  QDI=s motion was denied on June 23, 2005.  Neither Green=s motion for a protective order nor QDI=s motion for a temporary restraining order prevented
Green from obtaining discovery from QDI. 





[4]  Green=s
status as an at-will employee of QDI does not necessarily affect the trial
court=s summary judgment as to Green=s causes of action for breach of contract, tortious
interference with contract, or intentional infliction of mental distress.