

NUMBER 13-10-00561-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SOUTH TEXAS COLLEGE, Appellant,

v.

CURTIS ROBERSON, Appellee.

On appeal from the 139th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

This appeal involves the trial court's denial of a plea to the jurisdiction alleging lack of subject-matter jurisdiction over appellee Curtis Roberson's lawsuit against appellant South Texas College ("STC") for breach of contract, wrongful termination, and breach of fiduciary duty. We reverse and render in part and reverse and remand in

part.

## I. BACKGROUND[1]

Beginning in August 2005, Roberson took a full-time instructor position at STC teaching emergency medical services. STC is a junior-college district and a political subdivision of the State of Texas. *See* TEX. EDUC. CODE ANN. § 130.199 (West 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West 2011). In each year of his employment, Roberson received an appointment letter drafted by STC which detailed his salary, duration of employment, and obligations that he was bound to fulfill as a faculty member, such as maintenance of his teaching schedule and office hours, attendance at personal development meetings, and participation in committee assignments. In June 2008, as in years past, STC and Roberson executed an appointment letter for the Fall 2008 and Spring 2009 semesters.

Roberson alleged that in September 2008, he was called upon by his other employer, the Matagorda County Emergency Medical Service (EMS), to assist with disaster-relief efforts following Hurricanes Gustov and Ike. It is undisputed that STC was aware of Roberson's other employment with Matagorda EMS, as he had performed similar duties in the past. Roberson stated that he notified STC Program Chair, Jesus Corpus, of his duty with the Matagorda County EMS, and Corpus informed Roberson that his classes would be covered until his return. Roberson missed a total of six teaching days for his time with the relief efforts. He was eventually terminated on December 17, 2008, made retroactive to November 2008, for violating STC's policies. Roberson received a grievance hearing prior to his termination in December 2008 and, in

---

[1] We note that appellee, Curtis Roberson, did not file a response brief in this appeal.

2

February 2009, filed the present lawsuit against STC and the dean of his department, Melba Treviño.

In his petition, Roberson filed causes of action for: (1) breach of contract; (2) breach of fiduciary duty; and (3) wrongful termination.[2] STC answered by general denial and filed a plea to the jurisdiction on grounds that it was immune from suit on Roberson's alleged causes of action because it is a governmental entity. The trial court denied the plea to the jurisdiction, and STC filed this interlocutory appeal.[3] *See* TEX. CIV. PRAC & REM. CODE ANN. § 51.014(a)(8) (West 2008).

## II. PLEA TO THE JURISDICTION AND GOVERNMENTAL IMMUNITY STANDARDS

"A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of a cause of action." *Tex. Dep't. of Transp. v. Arzate*, 159 S.W.3d 188, 190 (Tex. App.—El Paso 2004, no pet.). A plaintiff must allege facts that demonstrate subject-matter jurisdiction in order to give the trial court power to decide a case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–46 (Tex. 1993).

In Texas, "[g]overnmental immunity protects political subdivisions of the State from lawsuits for damages." *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). When reviewing a lawsuit against a political subdivision, two issues are involved: (1) "whether the State has consented to suit"; and (2) "whether

---

[2] Roberson's other causes of action for negligence, intentional infliction of emotional distress, negligent supervision, and assisting in the result of intentional infliction of emotional distress were filed against dismissed co-defendant Treviño and are unrelated to this appeal.

[3] The trial court initially denied STC's plea to the jurisdiction on April 3, 2010, followed by STC's notice of appeal on May 13, 2010. STC later realized in preparation of its appeal, however, that not all issues were presented in the initial plea. Thus, STC successfully petitioned this Court to dismiss the previous appeal for lack of jurisdiction and later presented a corrected plea to the jurisdiction to the trial court on August 20, 2010, which again was denied on September 20, 2010. STC then filed the present notice of interlocutory appeal on October 5, 2010.

the State has accepted liability." *Id.* Therefore, when a party sues a governmental entity, the party must establish the State's consent to suit or consent to liability either by reference to statute or through express legislative intent. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–25; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). An absence of the State's consent equals a lack of subject-matter jurisdiction. *See Jones*, 8 S.W.3d at 638.

We review a contest to subject-matter jurisdiction de novo. *See Arzate*, 159 S.W.3d at 190. In our review, we examine Roberson's allegations and determine whether his pleadings state a claim for which immunity has been waived. *See Jones*, 8 S.W.3d at 639. Further, "if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

### III. ANALYSIS

### A. Breach of Contract

STC contends in its first issue that Roberson's breach of contract claim is invalid and thus does not trigger a waiver of immunity for the trial court to maintain subject-matter jurisdiction.

The Texas Legislature enacted a limited waiver of immunity to suit for breach of contract claims against certain local governmental entities, such as STC. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(3)(B), 271.152 (West 2005). The statute defines a "contract," for purposes of waiver, as a properly executed agreement with necessary terms for providing goods or services to the local governmental entity. *See id.* at §

4

271.151(2). Accordingly, the relevant inquiry is to determine whether a valid and enforceable employment contract existed between Roberson and STC to trigger the waiver. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 (Tex. 2010); *Wight Realty Interests, Ltd. v. City of Friendswood*, 333 S.W.3d 792, 796 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

STC argues that Roberson is wrong to interpret his annual appointment letter as an employment contract between him and STC, and thus the waiver is not triggered under the local government code. We agree. Texas law supports the presumption that employment is at-will and that an employee may be terminated for "good cause, bad cause, or no cause at all." *Midland Judicial Dist. Cmty. Supervision & Corrs. Dept. v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam) (citing *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998)). In order to overcome the presumption of at-will employment by contract, an employer must "unequivocally indicate a definite intent . . . to be bound not to terminate the employee except under clearly specified circumstances." *Midland*, 92 S.W.3d at 487. The appointment letter at issue in this case fails under the *Midland* standard because there is no showing of a definite intent on the part of STC to be bound not to terminate Roberson except under clearly specified circumstances. *See id.* Instead, the letter provides general conditions of Roberson's employment as a full-time instructor, and it also offers a general admonition that "failure to comply with the above-mentioned terms *may* result in sanction, up to and including your dismissal of employment from [STC]" (emphasis added). The letter's open-ended language does not support a showing of "definite intent" on the part of STC to form a contract with Roberson that would alter his at-will employment status. We

5

conclude that STC and Roberson did not execute an employment contract. *See id.* Without a valid contract, Roberson cannot maintain a valid a breach of contract action against STC. Accordingly, we sustain STC's first issue.

**B.      Wrongful Termination**

In its second issue, STC asserts that immunity is not waived for Roberson's wrongful termination claim because no generic cause of action for wrongful termination exists in Texas.

Roberson alleged in his petition that STC wrongfully terminated his employment in retaliation for previous complaints he lodged about his dean and former co-defendant Treviño. Without deciding whether a generic cause of action for wrongful termination based on retaliation exists in Texas, we turn to the broader threshold question of whether the State consented to suit for Roberson's specific cause of action of wrongful termination based on retaliation. *See Harris County Hosp. Dist.*, 283 S.W.3d at 842. "Because . . . governmental immunity generally protects the government from liability for the performance of governmental functions, such as the hiring and firing of its employees," the viability of Roberson's claim depends on "finding a waiver of the government's immunity for this particular claim." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 56 (Tex. 2011).

Claims for wrongful termination based on retaliation where the governmental entity consents to suit may include such claims as those for whistleblowers of illegal activities, s*ee* TEX. GOV'T CODE ANN. § 554.002 (West 2004); for county employees who utilize a statutory grievance process, *see* TEX. LOC. GOV'T CODE ANN. § 160.006 (West 2008); and for those who oppose or assist in investigating discriminatory practices in the

6

workplace. *See* TEX. LAB. CODE ANN. § 21.055 (West 2006). But, we find no authority to support a waiver of immunity for Roberson's present and vaguely-worded claim of wrongful termination.

Roberson's petition alleges that STC wrongfully terminated him in retaliation for "filing complaints" regarding his employment and the manner in which Treviño ran his department. When reviewing pleas to the jurisdiction, we review the pleadings and evidence relevant to the jurisdictional issue, and we construe the pleadings liberally in the plaintiff's favor. *See Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). A plaintiff has a right to amend his pleadings and attempt to cure pleading defects if insufficient jurisdictional facts exist, unless it is impossible to amend the pleadings to invoke jurisdiction. *See Ramirez*, 74 S.W.3d at 867; *Brown*, 80 S.W.3d at 555. Roberson's current pleading does not specify the nature or basis of his complaints nor the details of the subsequent alleged retaliation. As Roberson's current pleading stands, the trial court should have granted STC's plea to the jurisdiction without prejudice, and it should have allowed Roberson an opportunity to amend his pleading to make a proper determination whether waiver of immunity exists for purposes of subject-matter jurisdiction. *See Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 805 (Tex. 1989). Accordingly, STC's second issue is sustained, and we reverse the trial court's denial of STC's plea, but remand the case to the trial court to give Roberson the opportunity to amend his pleading and attempt to cure the pleading defects. *See Ramirez*, 74 S.W.3d at 867

## C.     Breach of Fiduciary Duty

In its final issue, STC contends Roberson's breach of fiduciary duty cause of action is not viable in this case.  Again, we turn our analysis on whether Roberson established the State's consent to his cause of action for breach of fiduciary duty.  *Id.* Roberson's petition alleges that by virtue of his employment contract with STC, he was owed certain duties of good faith that were breached by the college.  PART III-A of our opinion concludes that Roberson did not have an employment contract with STC under *Midland.  See* 92 S.W.3d at 487.  Accordingly, because Roberson's breach of fiduciary duty allegations are based on the premise that an employment contract existed between the parties, and we concluded that no contract existed, STC's third issue is sustained.

## IV.     CONCLUSION

As STC maintained its governmental immunity in this case on Roberson's breach of contract and breach of fiduciary claims, we reverse the trial court's denial of STC's plea to the jurisdiction and render that the plea be granted as to those claims.  We reverse and remand Roberson's claim for wrongful termination to the trial court, so that it may give Roberson the opportunity to amend his defective pleading and allege sufficient facts to allow for a proper jurisdictional determination.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
16th day of February, 2012.

8