MATAGORDA COUNTY HOSPITAL
DISTRICT, Petitioner,

v.

Christine BURWELL, Respondent.

No. 03–0111.

Supreme Court of Texas.

Feb. 24, 2006.

Rehearing Denied May 26, 2006.

Mark A. Keene, C. Dean Davis, Davis &
Davis, P.C., Austin, for Petitioner.

Lynn J. Klement, Klement & Burridge,
L.L.P., Angleton, for Respondent.

PER CURIAM.

The dispositive issue in this case is
whether a statement in a personnel policy
manual that "[e]mployees may be dis-
missed for cause" constitutes an agree-
ment that dismissal may be *only* for cause,
thereby modifying the at-will employment
relationship. We hold it does not and
therefore reverse the judgment of the
court of appeals [1] and render judgment for
petitioner.

Respondent Christine Burwell had been
employed by petitioner Matagorda County
Hospital District for nearly ten years as a
collections supervisor when she was placed
on probation and later terminated. The
District cited her poor attitude, breaches
of patient confidentiality, and unprofes-

1. 94 S.W.3d 75 (Tex.App.—Corpus Christi    2002).

sional conduct as reasons for its decision, all of which Burwell disputed. Burwell, then 52, sued for age discrimination and breach of employment contract. The trial court granted summary judgment for the District on the contract claim, but the court of appeals reversed and remanded.[2] A jury then found for Burwell on her contract claim but against her on the discrimination claim. The trial court rendered judgment on the verdict, and only the District appealed, contending in part that there was no evidence of breach of contract. This time, a divided court of appeals affirmed.[3]

The District had a personnel policy manual, section 18 of which stated that "[e]mployment at the Hospital is by mutual arrangement and may be terminated by either the employee or the employer." But section 18 went on to provide that "[a]ll employee records will indicate the nature of termination which will be" for specifically listed reasons—either resignation, quitting, layoffs, dismissal, termination during a probationary period, or retirement. Regarding dismissal, the manual stated:

> e. Dismissal—Employees may be dismissed for cause such as insubordination, serious misconduct, or for inability to perform the duties of their job satisfactorily. Department Heads and Supervisors may place an employee on suspension but all dismissal action must be reviewed by the Personnel Officer and approved by the Administrator before action will be taken. Dismissal will be classified as follows:
>
> (1). Dismissal with Notice—Employees judged incapable of perform-

ing the duties of their job satisfactorily and have worked beyond the probationary period will receive two weeks notice or two weeks pay in lieu of notice, at the discretion of the Department Head.

> (2). Dismissal without Notice— Serious violations of policy. Employee will receive no terminal benefits.

Burwell contends that this provision modified her at-will employment and permitted her to be dismissed only for cause. The court of appeals agreed, stating that "the manual clearly provides that employees may only be terminated for the inability to satisfactorily perform their job or for serious violations of hospital policy."[4]

■■■■ The court of appeals misread the manual. It plainly provides that dismissal may be for cause, but it nowhere suggests that dismissal may be *only* for cause, and that limitation cannot simply be inferred. As we stated in *Montgomery County Hospital District v. Brown*:

> For well over a century, the general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all.[5]

Even assuming that the employee manual created a contract between the District and its employees, and it may not have, a statement that an employee may be dismissed for cause is not a specific agreement that an employee may be dismissed only for cause. Nor was the manual's requirement that employee records state

**2.** *Burwell v. Matagorda County Hosp. Dist.,* No. 13–96–00329–CV (Tex.App.—Corpus Christi Nov. 26, 1997, pet. denied) (not designated for publication).

**3.** 94 S.W.3d 75 (Tex.App.—Corpus Christi 2002).

**4.** *Id.* at 85–86.

**5.** 965 S.W.2d 501, 502 (Tex.1998) (citations omitted).

one of several bases for termination a specific agreement to alter Burwell's at-will employment, as the court of appeals suggested.[6] On its face, the requirement pertained only to the District's record-keeping.

The court of appeals noted that Burwell understood as a supervisor that dismissal could only be for cause,[7] but her subjective understanding could not create a contract with the District. As we have said:

> It is elementary that if there is no ambiguity, the construction of the written instrument is a question of law for the Court. It is the general rule of the law of contracts that where an unambiguous writing has been entered into between the parties, the Courts will give effect to the intention of the parties as expressed or as is apparent in the writing. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls.[8]

The same is true of the "various managers" cited by the court of appeals, "including the business office manager and the district chief financial officer,[9] who were both involved in the decision to terminate Burwell, [and who] testified they believed the personnel policy manual provided they could only terminate an employee for cause."[10] The "various managers" included no one but the two persons specifically referenced, one of whom was equivocal, and neither could vary the plain terms of the manual by his subjective belief any

more than Burwell could. Burwell does not contend that other District managers assured *her* that she would be terminated only for cause. Even if such assurances had been made, we stated in *Brown* that "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances" for the at-will relationship to be altered.[11] The evidence in this case does not approach this standard.

There was no evidence that the District breached any contract of employment with Burwell. Accordingly, we grant the Hospital's petition for review and without hearing oral argument, reverse the judgment of the court of appeals and render judgment that Burwell take nothing.[12]

---

6. 94 S.W.3d at 86.

7. *Id.* at 86.

8. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex.1968) (citations omitted).

9. The district administrator testified that chief financial officer also served as personnel manager and had the authority, delegated by the administrator, to sign off on such decisions.

10. 94 S.W.3d at 86.

11. 965 S.W.2d at 502.

12. *See* TEX. R. APP. P. 59.1.