COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-08-306-CV

 

 

MIKE FRIEND                                                                      APPELLANT

 

                                                   V.

 

CB RICHARD ELLIS, INC.                                                       APPELLEES

AND CBRE REAL ESTATE 

SERVICES, INC.

 

                                              ------------

 

            FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Mike Friend appeals from the trial court=s grant
of summary judgment for Appellees CB Richard Ellis, Inc. and CBRE Real Estate
Services, Inc. (collectively ACBRE@) on his
breach of contract claim.  Because we
hold that Friend failed to raise an issue of material fact regarding whether he
had an employment contract, we affirm.








Friend
was employed with CBRE as a facilities manager. 
He had previously been employed with Trammell Crow.  When Trammell Crow was acquired by CBRE,
Friend became a CBRE employee.

On April
5, 2007, CBRE terminated Friend=s
employment.  Friend requested that CBRE
provide him with the bases for his termination, and Tracey Slagle, a human
resources manager, sent him an email in which she Aoutlined
various reference points for [Friend=s]
convenience,@ listing four provisions of the
employee handbook.  

Friend
subsequently filed suit against CBRE for breach of contract, alleging that he
had been terminated for cause and that the bases for his termination were
without merit.  CBRE answered and filed a
traditional and no-evidence motion for summary judgment, arguing that Friend
was an at-will employee terminable for any or no reason and attaching evidence
that it contended established Friend=s
at-will status.  CBRE also argued that
Friend had the burden to show that he was not an at-will employee and that
there was no evidence of an employment agreement.








Friend filed
a response objecting to CBRE=s
summary judgment evidence and attaching as evidence his own affidavit and the
email from Slagle.  In Friend=s
affidavit, he alleged that his employment was Arenewed
on an annual basis@ by CBRE and that he and CBRE Aagreed
to the annual salary and employment@ since
CBRE=s
acquisition of Trammell Crow.  CBRE
objected to this statement as parol evidence and on the grounds that it was
self-serving and conclusory.  The trial
court sustained the objections, overruled Friend=s
objections to CBRE=s evidence, granted CBRE=s
motion, and dismissed Friend=s
claims.

After an
adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for summary judgment on the ground that there is no
evidence to support an essential element of the nonmovant=s claim
or defense.[2]  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.[3]








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.[4]  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.[5]

On appeal, Friend raises three issues.  First, he argues that the trial court erred
by failing to sustain his objections to, and failing to exclude, the affidavits
of CBRE employee Thomas J. Miller and the attached exhibits.  Second, Friend argues that the trial court
erred by sustaining CBRE=s objections to his
affidavit.  Finally, Friend argues that
the trial court erred by granting CBRE=s
summary judgment motion.  We consider his
third issue first.

Employees in Texas are at-will employees in the
absence of a specific agreement to the contrary, and at-will employment Amay be
terminated by the employer or the employee for good cause, bad cause, or no
cause at all.@[6]  In its summary judgment motion, CBRE
correctly noted that in a wrongful termination suit, the employee has the
burden to prove that a contract existed with the employer.[7]  CBRE then argued that there was no agreement
altering Friend=s at-will employment status.








The only evidence produced by Friend was his
affidavit and the email from Tracey Slagle. 
Friend did not argue to the trial court and does not argue on appeal
that any of the summary judgment evidence produced by CBRE supports his
claim.  In his affidavit, Friend
stated:  AFollowing
my initial employment, my employment was renewed on an annual basis by [CBRE]
at the annual salary of $84,198.40 per year plus a 10% bonus of $8,419.84.  I and [CBRE] agreed to the annual salary and
employment after [CBRE] acquired the Trammel[l] Crow Company business.@  These are the only statements in the
affidavit relevant to Friend=s
employment status.








In order to modify the at-will status of an
employee, Athe employer must unequivocally
indicate a definite intent to be bound not to terminate the employee except
under clearly specified circumstances.@[8]  In the absence of a formal agreement with his
employer, an employee Acannot construct one out of
indefinite comments, encouragements, or assurances,@[9] and Aa
limitation on at-will employment >cannot
simply be inferred.=@[10]  General, indefinite statements will not alter
at-will employment status; Aan
agreement to modify the at‑will employment relationship must be >(1)
expressed, rather than implied, and (2) clear and specific.=@[11]  An employer=s act of
informing the employee of what his salary will be for the upcoming year is not
in and of itself enough to indicate the employer=s
unequivocal intention to modify the at-will status of the employee.[12]








Here, Friend=s
statement that his employment was Arenewed
on an annual basis@ and that CBRE Aagreed
to the annual salary and employment@ does
not demonstrate a clear and specific agreement with CBRE expressly modifying
Friend=s
at-will employment status.  Friend
provides no factual support for this assertion; he does not indicate who made
the agreement, when the agreement was made, in what context or circumstances
the agreement was made, or whether the person who negotiated an annual
employment term, if any, with him had authority to make such an agreement on
behalf of CBRE.[13]  Without providing underlying facts in support
of his statement, Friend fails to raise a fact issue as to whether CBRE
indicated an unequivocal intent to be bound not to terminate his employment for
a year or except under clearly specified circumstances.

Friend contends that he introduced unrebutted
testimony in the form of his affidavit that his supervisor renewed his
employment for one year at his annual review. 
Neither Friend=s supervisor nor his annual
review are mentioned at all in the affidavit. 
We hold that Friend=s
statement that CBRE agreed to annual employment does not raise a fact issue as
to whether CBRE and Friend entered into an employment agreement altering Friend=s
at-will employment status.








Friend also attached to his response the email
from Slagle.  He does not argue on appeal
how this email raises a fact issue on his employment status, and we hold that
it does not.  In her email, Slagle begins
by acknowledging that Friend had requested a copy of the polices he violated Awhich
resulted in the termination of [his] employment.@  She notes an attached employee handbook and
states that she has Aoutlined various reference
points for your convenience below.@  She then quotes from four provisions of the
employee manual dealing with reporting harassment and standards of
conduct.  She concludes the email by
noting that Aas we discussed on the telephone
last Thursday evening, you received training on appropriate management conduct
and requisite action in Management Practices Training and Online Harassment
Training.@

Nothing in the email indicates that Friend=s
employment was anything but at-will. 
Friend had requested the reasons for his termination.  Slagle gave him reasons.  That she saw fit to do so does not indicate
that CBRE had previously agreed to alter his at-will status.[14]  The mere fact that CBRE terminated his
employment for specific reasons is not evidence that CBRE could terminate his
employment only for specific reasons.[15]








Friend argues that CBRE=s
no-evidence summary judgment motion failed to specifically state the element of
the cause of action for which there was no evidence, and therefore the trial
court=s
granting of the motion was reversible error. 
But CBRE specifically stated that Friend had the burden to show that
CBRE unequivocally indicated a definite intent to be bound not to terminate
Friend except under clearly specific circumstances or conditions; that the
evidence established that Friend was employed at-will; and that A[t]here
is no agreement whatsoever to the contrary.@  CBRE then spent several pages of the motion
discussing why none of Friend=s
evidence demonstrated such an agreement. 
Thus, CBRE specifically pointed out the element on which Friend would
have the burden at trial and for which there was no evidence.  We therefore reject Friend=s
argument that the granting of the motion was reversible error.








Because Friend=s
evidence does not raise a fact issue on whether he and CBRE entered into an
agreement altering his at-will employment status, the trial court did not err
by granting the no-evidence summary judgment for CBRE.  We overrule his third issue.  Additionally, any error by the trial court in
overruling Friend=s objections to CBRE=s
evidence was harmless.  The trial court
should have granted the motion even if it had struck all of CBRE=s
evidence because Friend had the burden of proof to defeat the no-evidence
summary judgment motion and failed to meet that burden.[16]  Accordingly, we overrule Friend=s first
issue.  We further hold that if the trial
court erred by granting CBRE=s
objections to Friend=s affidavit, such error was
harmless.  Even if the trial court had
overruled CBRE=s objections and considered
Friend=s
affidavit (as this court has done), Friend failed to raise a fact issue to
avoid summary judgment.  We therefore
overrule Friend=s second issue.[17]

Having overruled all of Friend=s
issues, we affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

WALKER, J. concurs
without opinion.

 

DELIVERED:  February 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Civ. P. 166a(i).





[3]See Tex. R. Civ. P. 166a(i)
& cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002).





[4]Sudan v. Sudan, 199 S.W.3d 291, 292
(Tex. 2006).





[5]Moore v. K Mart Corp., 981 S.W.2d 266, 269
(Tex. App.CSan Antonio 1998, pet.
denied).





[6]Midland Judicial Dist.
Cmty. Supervision & Corr. Dep=t v. Jones, 92 S.W.3d 486, 487 (Tex. 2002).





[7]See Brown v. Sabre, Inc., 173 S.W.3d 581, 585
(Tex. App.CFort Worth 2005, no
pet.).





[8]Montgomery County Hosp.
Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998).





[9]Id.





[10]County of Dallas v.
Wiland,
216 S.W.3d 344, 354 (Tex. 2007) (quoting Matagorda County Hosp. Dist. v.
Burwell, 189 S.W.3d 738, 739 (Tex. 2006)).





[11]El Expreso, Inc. v.
Zendejas,
193 S.W.3d 590, 594 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (quoting Misch
v. Exxon Corp., 979 S.W.2d 700, 703 (Tex. App.CHouston [14th Dist.]
1998, pet. denied)).





[12]See Midland Judicial
Dist. Cmty. Supervision, 92 S.W.3d at 487 (holding that memo given to employee at time of
hiring setting out her per-month salary through the next year, including pay
raises, and stating that the salary figures Aare contingent upon your future performance
evaluations and available county funding@ did not unequivocally indicate employer=s intent to be bound not
to terminate the employment except under clearly specified circumstances); see
also Ed Rachal Found. v. D'Unger, 207 S.W.3d 330, 331B32 (Tex. 2006) (noting
that it had rejected the Aso‑called >English rule= that hiring an employee
at a stated sum per week, month, or year always constitutes a promise of
definite employment for that term@).





[13]See, e.g., Moore v.
Office of Atty. Gen., 820 S.W.2d 874, 877 (Tex. App.CAustin 1991, no writ) (holding that trial judge
was free to reject Moore's affidavit testimony that the Attorney General=s Office Amade certain
representations to her,@ without specifying who
made the representations and noting that even assuming that some individual at
the Office entered into an oral agreement with Moore, she failed to introduce
evidence of that individual=s authority to enter into such an agreement on
behalf of the Office).





[14]See, e.g., Tex. Rev. Civ. Stats.
Ann. art. 5196(5) (Vernon 1987) (making it an act of discrimination for a
corporation doing business in Texas to furnish a third party with a statement
about an employee=s termination if the statement
was not given at the employee=s request and if the corporation had previously
failed to give the employee a true statement of the causes of his termination
within ten days of the employee=s demand for such a statement); but see St.
Louis Sw. Ry. Co. of Tex. v. Griffin, 106 Tex. 477, 171 S.W. 703, 706 (Tex.
1914) (declaring in dicta that previous version of statute was
unconstitutional).





[15]See, e.g., Burwell, 189 S.W.3d at 739
(holding that statement in employee manual that employee may be dismissed for
cause is not a specific agreement that employee may only be dismissed
for cause and noting that absent a specific agreement to the contrary, Aemployment may be
terminated by the employer or the employee at will, for good cause, bad cause, or
no cause at all@).





[16]See Tex. R. Civ. P. 166a(i);
Tex. R. App. P. 44.1 (requiring appellant to demonstrate harm to obtain
reversal on appeal).





[17]See Tex. R. App. P. 44.1.