

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-306-CV

MIKE FRIEND                                                    APPELLANT

V.

CB RICHARD ELLIS, INC.                                        APPELLEES
AND CBRE REAL ESTATE
SERVICES, INC.

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Mike Friend appeals from the trial court's grant of summary judgment for Appellees CB Richard Ellis, Inc. and CBRE Real Estate Services, Inc. (collectively "CBRE") on his breach of contract claim. Because we hold that Friend failed to raise an issue of material fact regarding whether he had an employment contract, we affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Friend was employed with CBRE as a facilities manager. He had previously been employed with Trammell Crow. When Trammell Crow was acquired by CBRE, Friend became a CBRE employee.

On April 5, 2007, CBRE terminated Friend's employment. Friend requested that CBRE provide him with the bases for his termination, and Tracey Slagle, a human resources manager, sent him an email in which she "outlined various reference points for [Friend's] convenience," listing four provisions of the employee handbook.

Friend subsequently filed suit against CBRE for breach of contract, alleging that he had been terminated for cause and that the bases for his termination were without merit. CBRE answered and filed a traditional and no-evidence motion for summary judgment, arguing that Friend was an at-will employee terminable for any or no reason and attaching evidence that it contended established Friend's at-will status. CBRE also argued that Friend had the burden to show that he was not an at-will employee and that there was no evidence of an employment agreement.

Friend filed a response objecting to CBRE's summary judgment evidence and attaching as evidence his own affidavit and the email from Slagle. In Friend's affidavit, he alleged that his employment was "renewed on an annual basis" by CBRE and that he and CBRE "agreed to the annual salary and

2

employment" since CBRE's acquisition of Trammell Crow. CBRE objected to this statement as parol evidence and on the grounds that it was self-serving and conclusory. The trial court sustained the objections, overruled Friend's objections to CBRE's evidence, granted CBRE's motion, and dismissed Friend's claims.

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.[2] The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.[3]

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.[4] If the nonmovant

---

[2] Tex. R. Civ. P. 166a(i).

[3] *See* Tex. R. Civ. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

[4] *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.[5]

On appeal, Friend raises three issues. First, he argues that the trial court erred by failing to sustain his objections to, and failing to exclude, the affidavits of CBRE employee Thomas J. Miller and the attached exhibits. Second, Friend argues that the trial court erred by sustaining CBRE's objections to his affidavit. Finally, Friend argues that the trial court erred by granting CBRE's summary judgment motion. We consider his third issue first.

Employees in Texas are at-will employees in the absence of a specific agreement to the contrary, and at-will employment "may be terminated by the employer or the employee for good cause, bad cause, or no cause at all."[6] In its summary judgment motion, CBRE correctly noted that in a wrongful termination suit, the employee has the burden to prove that a contract existed with the employer.[7] CBRE then argued that there was no agreement altering Friend's at-will employment status.

---

[5] *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

[6] *Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002).

[7] *See Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585 (Tex. App.—Fort Worth 2005, no pet.).

The only evidence produced by Friend was his affidavit and the email from Tracey Slagle. Friend did not argue to the trial court and does not argue on appeal that any of the summary judgment evidence produced by CBRE supports his claim. In his affidavit, Friend stated: "Following my initial employment, my employment was renewed on an annual basis by [CBRE] at the annual salary of $84,198.40 per year plus a 10% bonus of $8,419.84. I and [CBRE] agreed to the annual salary and employment after [CBRE] acquired the Trammel[l] Crow Company business." These are the only statements in the affidavit relevant to Friend's employment status.

In order to modify the at-will status of an employee, "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances."[8] In the absence of a formal agreement with his employer, an employee "cannot construct one out of indefinite comments, encouragements, or assurances,"[9] and "a limitation on at-will employment 'cannot simply be inferred.'"[10] General, indefinite statements will not alter at-will employment status; "an agreement to modify

---

[8] *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

[9] *Id.*

[10] *County of Dallas v. Wiland*, 216 S.W.3d 344, 354 (Tex. 2007) (quoting *Matagorda County Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 739 (Tex. 2006)).

the at-will employment relationship must be '(1) expressed, rather than implied, and (2) clear and specific.'"[11] An employer's act of informing the employee of what his salary will be for the upcoming year is not in and of itself enough to indicate the employer's unequivocal intention to modify the at-will status of the employee.[12]

Here, Friend's statement that his employment was "renewed on an annual basis" and that CBRE "agreed to the annual salary and employment" does not demonstrate a clear and specific agreement with CBRE expressly modifying Friend's at-will employment status. Friend provides no factual support for this assertion; he does not indicate who made the agreement, when the agreement was made, in what context or circumstances the agreement was made, or whether the person who negotiated an annual employment term, if any, with

---

[11] *El Expreso, Inc. v. Zendejas*, 193 S.W.3d 590, 594 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Misch v. Exxon Corp.*, 979 S.W.2d 700, 703 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

[12] *See Midland Judicial Dist. Cmty. Supervision*, 92 S.W.3d at 487 (holding that memo given to employee at time of hiring setting out her per-month salary through the next year, including pay raises, and stating that the salary figures "are contingent upon your future performance evaluations and available county funding" did not unequivocally indicate employer's intent to be bound not to terminate the employment except under clearly specified circumstances); *see also Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 331–32 (Tex. 2006) (noting that it had rejected the "so-called 'English rule' that hiring an employee at a stated sum per week, month, or year always constitutes a promise of definite employment for that term").

him had authority to make such an agreement on behalf of CBRE.[13] Without providing underlying facts in support of his statement, Friend fails to raise a fact issue as to whether CBRE indicated an unequivocal intent to be bound not to terminate his employment for a year or except under clearly specified circumstances.

Friend contends that he introduced unrebutted testimony in the form of his affidavit that his supervisor renewed his employment for one year at his annual review. Neither Friend's supervisor nor his annual review are mentioned at all in the affidavit. We hold that Friend's statement that CBRE agreed to annual employment does not raise a fact issue as to whether CBRE and Friend entered into an employment agreement altering Friend's at-will employment status.

Friend also attached to his response the email from Slagle. He does not argue on appeal how this email raises a fact issue on his employment status, and we hold that it does not. In her email, Slagle begins by acknowledging that Friend had requested a copy of the polices he violated "which resulted in the

---

[13] *See, e.g., Moore v. Office of Atty. Gen.*, 820 S.W.2d 874, 877 (Tex. App.—Austin 1991, no writ) (holding that trial judge was free to reject Moore's affidavit testimony that the Attorney General's Office "made certain representations to her," without specifying who made the representations and noting that even assuming that some individual at the Office entered into an oral agreement with Moore, she failed to introduce evidence of that individual's authority to enter into such an agreement on behalf of the Office).

termination of [his] employment." She notes an attached employee handbook and states that she has "outlined various reference points for your convenience below." She then quotes from four provisions of the employee manual dealing with reporting harassment and standards of conduct. She concludes the email by noting that "as we discussed on the telephone last Thursday evening, you received training on appropriate management conduct and requisite action in Management Practices Training and Online Harassment Training."

Nothing in the email indicates that Friend's employment was anything but at-will. Friend had requested the reasons for his termination. Slagle gave him reasons. That she saw fit to do so does not indicate that CBRE had previously agreed to alter his at-will status.[14] The mere fact that CBRE terminated his employment for specific reasons is not evidence that CBRE could terminate his employment only for specific reasons.[15]

---

[14] *See, e.g.*, Tex. Rev. Civ. Stats. Ann. art. 5196(5) (Vernon 1987) (making it an act of discrimination for a corporation doing business in Texas to furnish a third party with a statement about an employee's termination if the statement was not given at the employee's request and if the corporation had previously failed to give the employee a true statement of the causes of his termination within ten days of the employee's demand for such a statement); *but see St. Louis Sw. Ry. Co. of Tex. v. Griffin*, 106 Tex. 477, 171 S.W. 703, 706 (Tex. 1914) (declaring in dicta that previous version of statute was unconstitutional).

[15] *See, e.g., Burwell*, 189 S.W.3d at 739 (holding that statement in employee manual that employee may be dismissed for cause is not a specific agreement that employee may *only* be dismissed for cause and noting that absent a specific agreement to the contrary, "employment may be terminated

Friend argues that CBRE's no-evidence summary judgment motion failed to specifically state the element of the cause of action for which there was no evidence, and therefore the trial court's granting of the motion was reversible error. But CBRE specifically stated that Friend had the burden to show that CBRE unequivocally indicated a definite intent to be bound not to terminate Friend except under clearly specific circumstances or conditions; that the evidence established that Friend was employed at-will; and that "[t]here is no agreement whatsoever to the contrary." CBRE then spent several pages of the motion discussing why none of Friend's evidence demonstrated such an agreement. Thus, CBRE specifically pointed out the element on which Friend would have the burden at trial and for which there was no evidence. We therefore reject Friend's argument that the granting of the motion was reversible error.

Because Friend's evidence does not raise a fact issue on whether he and CBRE entered into an agreement altering his at-will employment status, the trial court did not err by granting the no-evidence summary judgment for CBRE. We overrule his third issue. Additionally, any error by the trial court in overruling Friend's objections to CBRE's evidence was harmless. The trial court should

by the employer or the employee at will, for good cause, bad cause, or no cause at all").

9

have granted the motion even if it had struck all of CBRE's evidence because Friend had the burden of proof to defeat the no-evidence summary judgment motion and failed to meet that burden.[16] Accordingly, we overrule Friend's first issue. We further hold that if the trial court erred by granting CBRE's objections to Friend's affidavit, such error was harmless. Even if the trial court had overruled CBRE's objections and considered Friend's affidavit (as this court has done), Friend failed to raise a fact issue to avoid summary judgment. We therefore overrule Friend's second issue.[17]

Having overruled all of Friend's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED: February 19, 2009

---

[16] *See* Tex. R. Civ. P. 166a(i); Tex. R. App. P. 44.1 (requiring appellant to demonstrate harm to obtain reversal on appeal).

[17] *See* Tex. R. App. P. 44.1.

10