Affirmed and Memorandum Opinion filed August 4, 2009








Affirmed and Memorandum Opinion filed August 4, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00173-CV

____________

 

OFFICE BUILDINGS OF HOUSTON, INC., Appellant

 

V.

 

CARLTON B. NEWMAN, Appellee

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 2006-01741

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment entered following a bench
trial of a dispute over the amount of commission owed as a result of a real
estate transaction.  Finding no error, we affirm.

Factual and Procedural Background








Appellant, Office Buildings of Houston, Inc., is a licensed
real estate broker operating in Houston, Texas.  Appellee, Carlton B. Newman,
owns a small office building located on the North Freeway in Houston, Texas
(the AOffice Building@).  On August 26,
2004, appellant and appellee entered into an AExclusive
Authority to Sell and/or Lease Real Estate and Commission Agreement@ (the ACommission
Agreement@) regarding the Office Building.  The Commission
Agreement provided that appellee would have to pay appellant a commission in
the following circumstances: (1) a commission of six percent of any total sales
price accepted by appellee due and payable at the closing of the sale of the
property; (2) a six percent commission of the total rentals payable for the
term of the lease, payable in full upon execution of the lease; (3) a four
percent commission on the total rents for any tenant expansion or renewals,
payable in full when the lease is executed; and (4) a six percent commission of
the gross sales price for any lease that contains an option to purchase the
Office Building if the tenant exercises the option to purchase.

As a result of its efforts on behalf of appellee, appellant
located a person, Eloy E. Tamez, interested in the Office Building.  Mr. Tamez
commenced direct negotiations with appellee and he eventually entered into a
lease agreement for a portion of the Office Building.  The initial term of the
lease was five years with a monthly payment of $5,177.00.  The lease agreement
also included the option to renew the lease for two additional five year terms,
the second of which would end on January 1, 2020.  Simultaneous with the
execution of the lease agreement, Mr. Tamez purchased an option to buy the
Office Building.  Mr. Tamez paid appellee $40,000.00 for the option.

 As a result of Mr. Tamez executing the lease agreement,
appellee paid appellant the six percent commission on the total rentals, which
totaled $18,637.20.  In addition, appellee provided appellant with a copy of
the lease agreement, a copy of the option agreement, and an acknowledgment that
appellant might be entitled to future commissions should Mr. Tamez renew the
lease and/or if Mr. Tamez exercised his option to purchase the Office Building.








A dispute arose over the amount of commission appellee owed
appellant.  Appellant eventually filed suit against appellee seeking recovery
of additional commission payments under two separate claims.  First, appellant
asserted the transaction between appellee and Mr. Tamez, structured as a lease
with an option to purchase, was, in reality, a sale of the Office Building. 
Under this claim, appellant sought the payment of a six percent commission
based on the alleged total sale price for the Office Building.  In its second,
alternative claim, appellant argued it was entitled to a six percent commission
on the option payment made by Mr. Tamez.  Under both claims, appellant sought
the award of attorney=s fees.  Appellee filed a counterclaim
seeking the recovery of his attorney=s fees under the
terms of the Commission Agreement.

The dispute was tried before the trial court without a jury
on stipulated facts.  The trial court ruled in favor of appellee and entered a
take nothing judgment against appellant and awarded appellee his attorney=s fees.  The trial
court also entered Findings of Fact and Conclusions of Law.  On appeal,
appellant challenges only the trial court=s negative ruling
on its claim that appellee owed appellant a commission on Mr. Tamez=s purchase of the
option.  Appellant also seeks the reversal of the award of attorney=s fees to appellee
and the award of its own attorney=s fees.

Discussion

Appellant raises two issues on appeal.  In the first issue,
appellant asserts the trial court erred in granting a judgment in favor of the
appellee because, according to appellant, the sale of an option is a sale of an
interest in real property.  In its second issue, appellant contends that, in
the event the first issue is sustained, then the award of attorney=s fees to appellee
must be reversed and that appellant, as the prevailing party, would be entitled
to an award of attorney=s fees.  In response, appellee says even
if appellant is correct that a sale of an option is a sale of an interest in
real property, appellant is not entitled to a commission on Mr. Tamez=s purchase of the
option because the Commission Agreement does not provide for a commission on
the option price.

A.      The
Standard of Review








On appeal, appellant attacks the trial court=s application of
the law to the stipulated facts.  We review the trial court=s conclusions of
law de novo.  Smith v. Smith, 22 S.W.3d 140, 143B44 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  Under de novo review, the reviewing court exercises its
own judgment and redetermines each legal issue.  Quick v. City of Austin,
7 S.W.3d 109, 116 (Tex. 1998).  We will uphold conclusions of law on appeal if
the judgment can be sustained on any legal theory the evidence supports.  Waggoner
v. Morrow, 932 S.W.2d 627, 631 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  Incorrect conclusions of law do not require reversal if
the controlling findings of fact support the judgment under a correct legal
theory.  Id.

B.      Contract
Construction

In
construing a written contract, the primary concern of the court is to ascertain
the true intentions of the parties as expressed in the instrument.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 662 (Tex. 2005).  Ordinarily, the writing alone is
sufficient to express the parties= intentions for it is the objective,
not subjective, intent that controls.  Matagorda County Hosp. Dist. v.
Burwell, 189 S.W.3d 738, 740 (Tex. 2006) (per curiam).  To achieve this, we
examine and consider the entire writing in an effort to harmonize and give
effect to all the provisions of the contract so that none will be rendered
meaningless.  Valence Operating Co., 164 S.W.3d at 662.  Contract terms
are given their plain, ordinary, and generally accepted meanings unless the
contract itself shows them to be used in a technical or different sense.  Id. 
We construe contracts from a utilitarian standpoint bearing in mind the
particular business activity sought to be served and will avoid when possible
and proper, a construction which is unreasonable, inequitable, and oppressive. 
Frost Nat=l Bank v. L & F Distribs., Ltd., 165 S.W.3d 310, 312 (Tex. 2005). 
The contract must be read as a whole, rather than by isolating a certain
phrase, sentence, or section of the agreement.  Fein v. R.P.H., Inc., 68
S.W.3d 260, 266 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  We presume the
parties to the contract intended every clause to have some effect.  Id. 
(citing Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex.
1996)).

 








C.      Must
appellee pay appellant a commission based on the sale of the option to Mr.
Tamez?

In its brief, appellant goes to great lengths to
demonstrate that appellant is a licensed real estate broker under the Real Estate
Licensing Act (Tex. Occ. Code Ann.
' 1101.001, et
seq) (Vernon 2004)) and is eligible to receive real estate commission
payments.  Appellant also points out the Commission Agreement meets the
requirements of the Real Estate Licensing Act as well as those of the Statute
of Frauds.  Tex. Bus. & Com. Code Ann. ' 26.01 (Vernon
2009).  Appellant also spends a great deal of time arguing that an option is a
sale of an interest in real property which can serve as the basis for the
payment of a real estate commission to a licensed real estate broker. 
Appellant then concludes by arguing the trial court should have awarded it a
six percent commission on the sale of the option to Mr. Tamez because the
Commission Agreement provides that appellee Aagrees to pay
[appellant] the commission outlined below on any sale accepted by [appellee]. 
The commission shall be calculated at a rate of six percent (6%) of any total
sales price accepted by [appellee].@  On appeal,
appellant does not contend the option transaction is a sale of the real
estate.  Instead, appellant contends the sale of the option to Mr. Tamez is the
sale of an interest in real estate; regardless of whether Mr. Tamez  ever 
exercises that option, appellant contends that it meets the requirements for 
payment under the Commission Agreement.[1] 
We disagree.








We begin by noting that in making this argument, appellant
quotes only a portion of the second sentence from the relevant provision of the
Commission Agreement.  The complete sentence provides: AThe commission
shall be calculated at a rate of six percent (6%) of any total sales price
accepted by [appellee], and shall be due and payable in full at closing of sale
of property.@  Reading this first commission provision as appellant
suggests would render meaningless the second part of the sentence, which
specifies that the payment of a commission is due and payable only if the
property sale closes.  Therefore, we hold that, in order for appellant to be
eligible for a commission under this first commission provision, (1) appellant
had to introduce a buyer to appellee who agreed to purchase the Office
Building; and (2) the transaction had to be completed.  See Chambers
County v. TSP Dev., Ltd., 63 S.W.3d 835, 838 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied) (stating A[a]n option
contract for the sale of land gives the optionee the right to elect to purchase
the property at stated terms and within the specified period of time, but with
no obligation to do so.@).  This conclusion is further reinforced
by the fact that the parties to the Commission Agreement specifically contemplated
a situation where an interested party might choose to enter into a lease with
an option to purchase, and established  how commissions would be paid if that
situation occurred.[2] 
Because there has been no final sale of the Office Building to Mr. Tamez,
appellant is not entitled to a commission on the sale of the option under the
terms of the first commission payment provision in the Commission Agreement. 
We overrule appellant=s first issue on appeal.[3]

Conclusion

Having overruled appellant=s issue on appeal, we affirm the
trial court=s final judgment.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

Panel consists of
Justices Anderson, Guzman, and Boyce.









[1]  Appellant does not argue on appeal that it is
entitled to a commission on the option payment based on any of the other
commission payment provisions specified above.





[2]  Because Mr. Tamez has not exercised his option to
purchase the property, there is no issue before us as to how a commission
payment under that particular provision of the Commission Agreement should be
calculated.





[3]  Because we have overruled appellant=s first issue, we need not address appellant=s second issue challenging the award of attorney=s fees to appellee.  Tex. R. App. P. 47.1.