

# NUMBER 13-09-00290-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

HECTOR MORALES,                                                **Appellant,**

**v.**

INFORMATION REFERRAL
RESOURCE ASSISTANCE, INC.,                          **Appellee.**

### On appeal from the 206th District Court
### Hidalgo County, Texas

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

In this employment case, appellant, Hector Morales, appeals the trial court's

summary judgment entered in favor of his employer, Information Referral Resource

Assistance, Inc. (the "School").[1]  The record shows that, as a matter of law, Morales was employed at will when his employment was terminated.  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The School employed Morales to teach at a charter school it operated.  During the 2006-2007 school year, a student accused Morales of providing test answers to another student while Morales proctored the Texas Assessment of Knowledge and Skills ("TAKS") test at the charter school.  Morales disputes the accusations and video footage taken during the TAKS test which allegedly shows Morales breaching testing protocol by his interactions with a student.  After a brief, informal investigation, the School terminated Morales's employment.  Morales sued the School for wrongful termination.  The School moved for summary judgment on the ground Morales was an at-will employee under the employment contract.  The trial court granted a final summary judgment in favor of the School and this appeal followed.

## II.  ISSUES PRESENTED

By three issues, Morales argues the trial court erred by granting summary judgment, and asserts there are genuine issues of material fact regarding:  (1) whether Morales's employment contract was an at-will agreement; (2) whether Morales's employment contract was ambiguous concerning at-will termination; and (3) whether the parties conducted themselves in accordance with the employment contract.

## III.  STANDARD OF REVIEW

We review a trial court's summary judgment de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  To obtain a traditional summary judgment, a

---

[1]  The trial court also granted summary judgment in favor of the School's superintendent, George Banda.  Although Morales's notice of appeal includes both George Banda and the School, Morales states in his brief that he is limiting his appeal to the School's motion for summary judgment.

2

movant must either negate at least one element of the plaintiff's theory of recovery or plead and conclusively establish each element of an affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant produces sufficient evidence to establish the right to summary judgment, the nonmovant must present evidence sufficient to raise a fact issue. *Centeq Realty, Inc.*, 899 S.W.2d at 197. We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference in the nonmovant's favor and resolving any doubts against the movant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005) (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2003)).

## IV. DISCUSSION

By his first issue, Morales argues summary judgment was improper because there is a fact issue regarding whether his employment was at will. Specifically, Morales argues that he did not intend to be employed at will, and that his employment was not at will because it was for a term of 190 days. We disagree and find Morales's contract was for at-will employment.

Absent a specific agreement to the contrary, employment in Texas may be terminated by an employer at will—that is, for good cause, bad cause, or no cause at all. *Midland Judicial Dist. Cmty. Supervision & Corrs. Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam). To modify the at-will employment relationship, an employer must unequivocally manifest a definite intent to be bound not to terminate an employee except under clearly specified circumstances. *Id.*

An employment contract for a term may still be at will if the agreement allows termination for any reason. *C.S.C.S., Inc. v. Carter*, 129 S.W.3d 584, 591 (Tex. App.—

3

Dallas 2003, no pet.); *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 118 (Tex. App.—Houston [14th Dist.] 1999, no pet.). An employee's subjective understanding—that his employment may only be terminated for cause or that his employment is for a term—does not create a contract. *Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 332 (Tex. 2006) (per curiam) (rejecting at-will employee's personal understanding that his contract was for a renewable one-year term); *Matagorda County Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006) (per curiam) (rejecting at-will employee's understanding based on employment handbook that she could only be terminated for cause). In the usual case, the contract alone will be deemed to express the intention of the parties because it is the objective, not subjective, intent that controls. *Matagorda County Hosp. Dist.*, 189 S.W.3d at 740.

Morales asserts that according to his understanding of the employment contract, he could not be terminated at will and was "bound by his contract" so "that he could not just simply walk away from his job." Morales argues that his agreement was based upon a specified salary for a definite period of time, and as such his employment could not be terminated except for cause. Morales argues further that when presented with the at-will contract, he requested and was then promised a certified-teacher contract, similar to the contracts he had received in prior years, under which his employment would not be at will.[2] Morales, however, admits that he subsequently signed the at-will employment contract.

Morales's employment contract is clearly titled: "**AT-WILL CONTRACT** . . . for Non-Certified Classroom Teacher." (emphasis in original). Paragraph 1 of the contract

---

[2] Morales also relies on a 2004 "Continuing Education Contract," requiring him to complete a master's degree before fall 2005. The record is silent regarding his completion of a master's degree. Notwithstanding, this agreement does not contain any limitation on the School's ability to terminate.

4

is titled "Term" and states the School agrees to employ Morales "on a 190 school days basis for the 2006-2007 school year(s) . . . ."  Paragraph 7 of the contract states that employment is at will and it is reproduced here in its entirety:

> Termination and Nonrenewal of Contract.  The Employee understands that he/she is an at-will employee and, as such, may be terminated at any time, with or without cause, in accordance with Texas law.  Furthermore, the Board has the sole discretion whether or not to renew Employee's contract at the beginning of each School year.

Paragraph 8.3 of the contract is an integration clause which, in relevant part, provides as follows:

> Entire agreement:  All existing agreements and contracts, both verbal and written, between the parties regarding the employment of the Employee are superseded by this Contract.  This Contract, and any addenda, constitutes the entire agreement between the parties.

In *Ed Rachal Foundation*, the Supreme Court of Texas addressed whether an employee's understanding that he worked under a one-year renewable term contract, was sufficient to alter the at-will employment relationship.  *Ed Rachal Foundation*, 207 S.W.3d at 332.  The employee was hired at a salary of $80,000 per year, and later was discharged as a result of differences with his employer.  *Id.* at 331.  The employee presented evidence that his contract was renewed annually in the past and that he believed he had a contract for a one-year term which could not be terminated at will.  *Id.* at 332.  The court held that the employee's subjective belief was not unequivocal evidence that the employee was not an at-will employee.  *Id.* at 332.

As in *Ed Rachal Foundation*, Morales's subjective understanding, even to the extent it is based on past employment-contract history, is insufficient to change the at-will relationship status set forth in Morales's employment contract.  Further, Morales's employment contract contained an integration clause which states the employment

5

contract supersedes any existing agreements between the parties concerning Morales's employment. The integration clause renders any prior agreement on the subject of Morales's at-will employment unenforceable. *See Hallmark v. Port/Cooper-T. Smith Stevedoring Co.*, 907 S.W.2d 586, 590 (Tex. App.—Corpus Christi 1995, no writ) (analyzing effect of integration clause in an employment contract); *see also Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, No. 08-0989, 2011 WL 1445950, at *7 (Tex. April 15, 2011) (discussing integration clauses).

Morales cites several cases for the proposition that his employment could not have been at will because it was for a specific term—190 days. Morales's legal authority is factually distinguishable because the employment contract at issue in each of those cases either did not contain an at-will clause or expressly limited the employer's right to terminate at will. *See Goodyear Tire & Rubber Co. v. Portilla*, 879 S.W.2d 47, 51-52 (Tex. 1994) (concluding employer expressly contracted not to terminate otherwise at-will employee for violation of anti-nepotism policy); *Air America Jet Charter, Inc. v. Lawhon*, 93 S.W.3d 441, 443 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (explaining contract did not contain an at-will clause); *Larson v. Family Violence & Sexual Assault Prevention Ctr. of S. Tex.*, 64 S.W.3d 506, 518-19 (Tex. App.—Corpus Christi 2001, pet. denied) (affirming summary judgment and holding employment was at will); *Demunbrun v. Gray*, 986 S.W.2d 627, 628 (Tex. App.—El Paso 1998, no pet.) (employment contract did not include an at-will clause, but did include an annual salary). We also note that most of the cases on which Morales relies were decided before the Supreme Court of Texas rejected the "English Rule." *See Midland Judicial Dist. Cmty. Supervision & Corrs. Dep't*, 92 S.W.3d at 487 (rejecting the English Rule); *Ed Rachal Foundation*, 207 S.W.3d at 331-32 (noting that under the

6

English Rule, hiring an employee for a stated sum per week, month, or year constituted a promise of definite employment for that term).

Here, the plain language of the contract shows Morales was employed at will. The contract allowed the School to terminate Morales's employment with or without cause. The 190-day term of the contract was expressly qualified by the School's right to terminate Morales "at any time." *See C.S.C.S., Inc.*, 129 S.W.3d at 591 (holding twenty-four month term employment contract was for at-will employment); *Curtis*, 12 S.W.3d at 117-18 (holding one-year employment contract was for at-will employment). We hold that, as a matter of law, the parties' written contract unambiguously provided for at-will employment. Morales's first issue on appeal is overruled.

By his second issue, Morales argues summary judgment was improper because contractual ambiguities exist regarding whether he could be terminated at will or only for cause. Morales asserts that the presence of both a definite time period of employment and an at-will provision makes the contract ambiguous. Morales also asserts that the contract, when read in view of existing circumstances and in conjunction with other agreements, somehow creates an ambiguity. A review of Morales's pleadings and summary judgment response, however, shows that he did not raise the issue of ambiguity in the trial court. In summary judgments, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). Accordingly, Morales waived any complaint that the employment contract includes an ambiguity with respect to whether his employment was at will. *See D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *Garrod Invs., Inc. v. Schlegel,* 139 S.W.3d 759, 765-

7

66 (Tex. App.—Corpus Christi 2004, no pet.). Morales's second issue on appeal is overruled.

By his third issue, Morales argues summary judgment was improper because there are fact questions regarding whether Morales complied with his employment contract in administering the TAKS test and whether the School breached the employment contract by giving conflicting justifications for terminating his employment. However, we have already concluded that the School could have terminated Morales's employment with or without cause, even if he complied with the contract in all respects. *See Midland Judicial Dist. Cmty. Supervision & Corrs. Dep't*, 92 S.W.3d at 487. Accordingly, the summary judgment was proper regardless of whether Morales complied with his contract. Morales's third issue is overruled.

## V. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
26th day of May 2011.