Opinion filed June 9, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00133-CV

_____

## LAMAR ADVANTAGE HOLDING COMPANY, Appellant

## V.

## THE CITY OF STEPHENVILLE AND MARK KAISER, IN HIS OFFICIAL CAPACITY AS CITY ADMINISTRATOR, Appellees

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV-31132**

## MEMORANDUM OPINION

This is a trespass to try title suit filed against the City of Stephenville and Mark Kaiser, in his official capacity as city administrator. The City owns a tract of property upon which Lamar Advantage Holding Company maintains billboards. Lamar contends that it has a right to possess the property where the billboards are

located by virtue of a ten-year lease it executed in 2007 with the heir of the City's predecessor in interest. Conversely, the City contends that Lamar's leasehold interest expired in 2011.

Acting in his official capacity, Kaiser sent a letter on behalf of the City on February 16, 2011, demanding that the billboards be removed by June 1, 2011. In response, Lamar filed a declaratory judgment action against the City seeking a declaration of the parties' rights under the 2007 lease. Lamar subsequently amended its pleadings to allege additional causes of action against the City, including a claim for trespass to try title, and to include Kaiser as a defendant in his official capacity. The City filed a plea to the jurisdiction and a motion for summary judgment. The City and Kaiser subsequently filed a supplemental plea to the jurisdiction. The trial court held a hearing on April 10, 2014. The trial court granted the plea to the jurisdiction and the supplemental plea to the jurisdiction and entered judgment that Lamar take nothing.[1] In one issue on appeal, Lamar challenges the trial court's granting of Kaiser's plea to the jurisdiction. We affirm.

*Background Facts*

Minta Hutchinson owned real property located within the City of Stephenville for a number of years. Sometime prior to 1989, billboards were erected on the property. In this regard, Hutchinson apparently entered into a lease with B.Y.O. Inc. for the operation and maintenance of the billboards. The appellate record does not include a copy of the lease between B.Y.O. and Hutchinson. Thus, the terms of the lease are unknown.

---

[1]At the hearing on the plea to the jurisdiction, Lamar stated that it was no longer seeking affirmative relief from the City of Stephenville. However, the trial court granted the City's plea to the jurisdiction in the same order in which it granted Kaiser's plea to the jurisdiction. Therefore, we include the City in the style of this appeal as a party to this appeal.

In 1989, Hutchinson conveyed the property to Thomas Christopher Weir. The deed to Weir contained a section entitled "RESERVATIONS FROM AND Exceptions to Conveyance and Warranty." In addition to several easements of record, this section included language as follows: "Unrecorded lease to B.Y.O. Inc. for billboards." The granting clause of the deed provided that Hutchinson's conveyance to Weir was subject to the "reservations from and exceptions to conveyance and warranty."

In 1990, Weir conveyed the property to John Rocka through a warranty deed under which Rocka assumed Weir's indebtedness to Hutchinson. Nearly a year later, on April 18, 1991, Rocka sold the billboards on the property to Big-Tex Advertising and also entered into a ground lease agreement with Big-Tex for a term of twenty years for the billboard locations. Big-Tex subsequently purchased all of B.Y.O.'s interests in the billboards and lease agreements in May 1991. Lamar purchased the billboards from Big-Tex's successor in interest in 2001.

In August 1991, Hutchinson reacquired the property from Rocka by warranty deed. Hutchinson subsequently conveyed the property by warranty deed to the City of Stephenville in 1992. This warranty deed conveyed the property subject to any and all reservations and exceptions of record. This deed made no reference to leasing rights for the billboard locations.

On February 16, 2011, Kaiser sent written notice on behalf of the City that the twenty-year lease that Rocka executed in April 1991 for the billboard locations would expire in April 2011 and that the billboards must be removed by June 1, 2011. In response, Lamar advised the City that it had obtained a new ten-year lease in August 2007 from Hutchinson's daughter and successor in interest, Marion Jo Hutchinson McAlister. Lamar further advised the City that it believed that Hutchinson and her successor in interest had retained the right to lease the billboard

locations on the property as well as the right to receive all future rental income from the billboards.

The hearing on the plea to the jurisdiction focused on Lamar's trespass to try title claim against Kaiser in his official capacity. As noted previously, Lamar acknowledged that it was no longer seeking any affirmative relief from the City. *See Parker v. Hunegnaw*, 364 S.W.3d 398, 405 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that suit for recovery of title to and possession of land may be asserted against governmental officials but not against the governmental entity (citing *State v. Lain*, 349 S.W.2d 579, 581–82 (Tex. 1961))); *see also State v. Beeson*, 232 S.W.3d 265, 271 n.5 (Tex. App.—Eastland 2007, pet. dism'd) (stating that, in a trespass to try title action, "state officials named as defendants are not entitled to defeat the court's subject matter jurisdiction by asserting sovereign immunity"). Lamar asserted that Kaiser and the City did not possess the legal right to require the removal of the billboards from the property. Lamar's attorney identified the issue as follows at the hearing: "Lamar also views this case as pretty straightforward, coming down to whether or not the previous landowner that conveyed the property to the City of Stephenville held onto the rights to lease that same property for billboard purposes."

*Analysis*

In one issue on appeal, Lamar asserts that the trial court improperly granted pleas to the jurisdiction. Lamar contends that there is a fact question concerning the viability of its trespass to try title claim that precluded the trial court from granting the pleas to the jurisdiction. Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). If a plea to the jurisdiction challenges the existence of jurisdictional

4

facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. In order to prevail on the plea to the jurisdiction, Kaiser was required to prove that the City had superior title as a matter of law. *See Parker*, 364 S.W.3d at 410.

A trespass to try title action is a procedure by which claims to title or the right of possession may be adjudicated. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). The plaintiff in a trespass to try title action must recover, if at all, on the strength of its own title and not on the weakness of the defendant's title. *Id.*; *Adams v. Rowles*, 228 S.W.2d 849, 853 (Tex. 1950). The plaintiff has the burden to establish superior title by showing that it has (1) title emanating from the sovereignty of the soil, (2) a superior title in itself emanating from a common source to which the defendant claims, (3) title by adverse possession, or (4) title by earlier possession coupled with proof that possession has not been abandoned. *Martin*, 133 S.W.3d at 265; *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964). Lamar contends that its claim of possession is based on a chain of title dating back to the sovereign and also on a superior title from a common source. Specifically, Lamar asserts that Hutchinson's deed to Weir contained a reservation in favor of Hutchinson of the right to lease the property for billboard purposes. Lamar also states that

5

Hutchinson's and McAlister's subsequent actions evidenced Hutchinson's intent to reserve the right to lease the property for billboard purposes or at least raised a fact question that Hutchinson reserved this right. Conversely, Kaiser argues that, as a matter of law, Hutchinson did not reserve the right to lease the property for future billboard purposes.

Both parties contend that the Weir deed is unambiguous. The construction of an unambiguous deed is a question of law that we review de novo. *Matagorda Cty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006); *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). When construing a contract, we must ascertain the true intentions of the parties as expressed in the writing itself. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333–34 (Tex. 2011). We begin our analysis with the contract's express language. *Id.* at 334; *see also Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) ("If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law."). Where the parties have entered into an unambiguous written contract, the instrument alone will be deemed to express the intent of the parties because it is the objective intent, not the subjective intent, that controls. *Matagorda Cty. Hosp. Dist.*, 189 S.W.3d at 740.

As correctly noted by the parties, the primary, and in this case, dispositive question in this appeal is whether or not Hutchinson—in the deed to Weir—reserved the right to lease the property in the future for billboard purposes. Lamar contends that Hutchinson reserved this right in the deed to Weir and that Hutchinson continued to possess that right after reacquiring the property from Rocka and

6

subsequently conveying the property to the City.[2] The relevant portion of the Weir deed simply provided as follows: "RESERVATIONS FROM AND Exceptions to Conveyance and Warranty: . . . . Unrecorded lease to B.Y.O. Inc. for billboards." We must decide whether this reference to a single, existing lease—"Unrecorded lease to B.Y.O. Inc. for billboards"—constitutes a reservation of the right to lease the property for billboards in the future.

We conclude that this reference in the Weir deed to a single lease does not constitute a reservation of future leasing rights. While the reference is contained within a section of the deed entitled "RESERVATIONS FROM AND Exceptions to Conveyance and Warranty," it does not purport to reserve anything further from the conveyance in favor of the grantor. To the contrary, this provision merely states that an unrecorded lease to B.Y.O. exists. Thus, this provision is in the nature of an exception to the conveyance rather than a reservation. *See Bright v. Johnson*, 302 S.W.3d 483, 488 (Tex. App.—Eastland 2009, no pet.) (explaining the distinction between a "reservation" and an "exception"). Furthermore, the remaining items included in this section of the deed also refer to other items excepted from the interest conveyed by the deed. These include various easements and prior conveyances of record. The deed's description of the property conveyed includes the entirety of the property, and nowhere does the deed purport to reserve from the conveyance any future right to lease the property for billboard purposes.

Lamar cites no authority, and we have found none, where similar language created a reservation of a right to lease property in the future. In contrast, we have found numerous cases where courts have held that, in order to reserve property from

---

[2]In light of our holding, we do not reach the City's and Kaiser's argument that, if Hutchinson reserved the right to lease the property for billboard purposes in the Weir deed, she subsequently conveyed it to the City in 1992 under the doctrine of merger. *See Flag–Redfern Oil Co. v. Humble Expl. Co.*, 744 S.W.2d 6, 9 (Tex. 1987).

a conveyance, there must be an expressed, clear intent to do so. *See, e.g.*, *Lesley v. Veterans Land Bd. of the State of Tex.*, 352 S.W.3d 479, 487 (Tex. 2011) (noting that the "exception did not withdraw the executive right from the conveyances in the lot owners' deeds but merely subjected the exercise of the right to the covenant's limitations"); *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex. Civ. App.—Corpus Christi 1981, writ ref'd n.r.e.) ("It is fundamental that a general warranty deed conveys all of the interest that a grantor has in the land described therein unless there is language *in the instrument* which clearly shows an intention to convey a lesser interest, and there is not reserved to the grantor any interest in the land conveyed, absent a clear and unequivocal intent to do so *which is expressed in the deed itself*." (emphasis added)). Accordingly, Hutchinson did not reserve a right to lease the property for billboard purposes under the express terms of the deed to Weir.

Lamar additionally argues that the parties' conduct after the conveyance to Weir and the conveyance of the property to the City raises a fact question that Hutchinson intended to reserve the right to lease the property for billboard purposes in the future. Specifically, Lamar relies on the fact that it and its predecessors in interest continued to deal with Hutchinson and McAlister regarding the billboards and on the fact that the City acquiesced in the billboard companies' continuing to deal with Hutchinson and McAlister after the City acquired the property. We disagree. Our construction of the Weir deed is controlled by the parties' objective intent as expressed in the document, not their subjective intent. *See Matagorda Cty. Hosp. Dist.*, 189 S.W.3d at 740 ("In the usual case, the instrument alone will be deemed to express the intention of the parties . . . ." (quoting *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968))).

Lamar premised its trespass to try title claim on the contention that Hutchinson, in the deed to Weir, reserved the right to lease the property for billboard

purposes. We conclude as a matter of law that Hutchinson did not reserve this right in the Weir deed. Thus, the City and Kaiser conclusively established superior title and the right to possess the property, thereby negating the jurisdictional basis for Lamar's claim. *See Lain*, 349 S.W.2d at 582; *Parker*, 364 S.W.3d at 409–10. Accordingly, the trial court did not err when it granted the City's and Kaiser's pleas to the jurisdiction. We overrule Lamar's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

June 9, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9